■ RICHARD RUSSO et al., Appellants, v HELEN OSOFSKY et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered February 2, 1984, upon a jury verdict in favor of the defendants, dismissing the complaint.

Judgment reversed, on the law, and a new trial granted, with costs to abide the event.

The infant plaintiff sustained burns to his hands when he fell onto a metal heating grate located on premises owned by the defendants. At the time of the injury, the premises were being rented from the defendants by Mr. and Mrs. Travis, who are not parties to this action. Maintenance of the premises was the responsibility of the tenants. Plaintiffs' theory of liability was that the defendants' negligence as lessors and owners had caused the infant's injuries. Judgment was rendered in favor of the defendants upon a jury verdict in their favor, and this appeal followed. We reverse.

Under *Holodook v Spencer* (36 NY2d 35), a parent has no legally enforceable duty to supervise his children. Since no legal duty to supervise exists, as a matter of law, a parent cannot be deemed negligent for failing to do so, or for doing so improperly (*Zikely v Zikely,* 98 AD2d 815, *affd* 62 NY2d 907), and a third party cannot seek contribution from a parent on the basis that an infant's injury was caused, in whole or in part, by the parent's failure to supervise that infant (*Nolechek*

*v Gesuale,* 46 NY2d 332; *Kroupa v Southampton Hosp.,* 49 AD2d 926). Therefore, the trial court erred in instructing the jury to consider whether the plaintiff mother negligently supervised the infant plaintiff in determining liability both on the infant's cause of action for personal injuries and the mother's derivative action for loss of services (*see, Middleton v Village of Nichols,* 114 Misc 2d 596).

Furthermore, in light of *Dole v Dow Chem. Co.* (30 NY2d 143), the trial court erred in instructing the jury to consider the alleged negligence of Angela Travis, a nonparty, in determining liability. Having failed to implead Mrs. Travis, defendants had no right to have the jury consider her negligence or the lack thereof in determining their liability (*see, Stein v Whitehead,* 40 AD2d 89, 91).

The confusing nature of the charge precludes us from dismissing the aforementioned errors as harmless. Although the jury found no negligence on the part of the defendants, it is not possible to gauge precisely what effect the jury's consideration of the lack of parental supervision had on their ultimate verdict. The jurors may well have been confused as to what factors to consider in determining defendants' negligence. Accordingly, the judgment appealed from must be reversed and a new trial granted. Gibbons, Bracken, Weinstein and Niehoff, JJ., concur.

Mangano, J. P., dissents and votes to affirm the judgment with the following memorandum: The majority is of the view that a jury verdict in favor of defendants, which is otherwise supported by the evidence in the record, must be overturned and a new trial granted due to a confusing charge. Specifically, the majority is of the view that the trial court's improper instruction to the jury regarding the possible negligence of a nonparty and the infant plaintiff's mother in failing to supervise the infant, somehow confused the jury and caused them to find in favor of defendants.

I respectfully disagree.

The infant plaintiff was injured when he fell on a heating grate in a house owned by defendants. The court was abundantly clear in instructing the jury that the defendants could only be held responsible if they had actual or constructive knowledge of the alleged defective grate. At the conclusion of the charge, the court gave the jurors a set of questions. The first question, which the court read into the record, was as follows: "1. Were the defendants, David Osofsky and Helen Osofsky, negligent and was their negligence a proximate cause of the accident?"

The court instructed the jury that if their answer was "no" to this first question, they were to "proceed no further". The court thereafter reread the first question and again instructed the jury: "If you find that they were not negligent, in other words, if you check off 'no' that is the end of the case because they are the only defendants."

After deliberating, the jury returned and specifically answered "no" to the first question. Under these circumstances, I fail to see how the verdict was influenced or tainted by the court's improper remarks regarding the possible negligence of a nonparty and the infant's mother.

Accordingly, I dissent and vote to affirm the judgment.