■ BRIAN COSTELLO, an Infant, by His Mother and Natural Guardian, EVELYN HINES, et al., Respondents, v VINCENT MARCHESE, JR., Defendant, and ROBERT TOROSSIAN, Appellant.

—In an action to recover damages for personal injuries, etc., the defendant Torossian appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated February 25, 1987, which denied his motion for partial summary judgment dismissing the claim against him based on his failure to attach the infant plaintiff's seat belt.

Ordered that the order is affirmed, with costs.

On November 11, 1984, the infant plaintiff sustained serious personal injuries as a result of a motor vehicle accident which occurred when a vehicle driven by the defendant Vincent Marchese crossed over a double yellow line and collided with the vehicle driven by the infant plaintiff's grandfather, the appellant Robert Torossian, in which the infant was a passenger. The appellant moved for partial summary judgment dismissing so much of the complaint as alleged that he was affirmatively guilty of negligence for his failure to fasten the infant plaintiff's seat belt. In reliance upon *Spier v Barker* (35 NY2d 444), the appellant alleged that evidence tending to show nonuse of a safety belt could only be considered by the jury to mitigate damages. The court denied his motion and held that the infant plaintiff has a direct claim of negligent supervision arising out of the appellant's alleged breach of duty of reasonable care in failing to fasten the child's seat belt. We agree.

The principle that precludes tort claims against parents for alleged negligent supervision of a child does not extend to immunize a grandparent from such claims when he or she is exercising temporary custody and control of the infant *(Broome v Horton,* 53 AD2d 1030; *see also, Zalak v Carroll,* 15 NY2d 753). The infant plaintiff offers evidence that his seat belt was not fastened in an effort to show a breach of this custodial duty by the appellant grandfather, rather than as in *Spier* where the evidence was offered by the defendant to hold the plaintiff liable for his own culpable conduct. Despite the absence of a statutory mandate requiring seat belt usage at the time of the accident, the failure to fasten the infant's seat belt prior to operating the vehicle may be found to be a negligent act. Under these circumstances, where the infant plaintiff is asserting a separate claim of liability against the custodial driver of the vehicle, the claim should be allowed to stand *(see, Curry v Moser,* 89 AD2d 1).

However, under the peculiar facts alleged herein, the claim for negligent supervision is separate from the claim arising from the collision of the two automobiles. In a unitary trial, the jury must first determine the extent of liability of each of

the two driver defendants for the collision and of the infant plaintiff, if any. The jury must then determine if the appellant was negligent in his supervision of the infant plaintiff. If there is such a finding of negligence, the jury must determine which of the infant plaintiff's damages, if any, were attributable to the collision and which, if any, were attributable to the failure to supervise. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.