■ Ivor Parsons, as Parent and Natural Guardian of Aimee Parsons, an Infant, Plaintiff, v Wham-O, Inc., et al., Defendants and Third-Party Plaintiffs-Appellants-Respon-

dents, et al., Defendant. IVOR PARSONS et al., Third-Party Defendants-Respondents-Appellants.—In a third-party action for contribution, the third-party plaintiffs appeal from so much of (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated May 13, 1987, as granted those branches of the third-party defendants' cross motion which were for summary judgment dismissing the first and second causes of action of the third-party complaint; and (2) an order of the same court, dated November 20, 1987, as, upon reargument, adhered to the original determination dismissing the first and second causes of action of the third-party complaint, and the third-party defendants have filed a notice of cross appeal from so much of the order dated May 13, 1987 as denied that branch of their cross motion which was for summary judgment dismissing the third cause of action.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the appeal from the order dated May 13, 1987 is dismissed, as that order was superseded by the order dated November 20, 1987, made upon reargument; and it is further,

Ordered that the order dated November 20, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the third-party defendants-respondents are awarded one bill of costs.

In the main action it was alleged that the infant plaintiff was injured while using a waterslide called "Slip 'n Slide", which was manufactured and distributed by the defendants and third-party plaintiffs.

The third-party complaint alleged in the first cause of action that the infant plaintiff's parents had negligently entrusted the waterslide to her. The second cause of action alleged that the parents had failed to warn the infant plaintiff of inherent dangers of which they were aware in the use of the slide. The third cause of action alleged that the parents had negligently maintained and assembled the waterslide. The Supreme Court dismissed the first and second causes of action.

Negligent parental supervision involving a breach of a duty that exists because of the family relationship and specifically arises from the parent-child relationship is a legally nonexistent tort (see, Holodook v Spencer, 36 NY2d 35). Where parents negligently entrust a dangerous instrument to a child, however, they breach a duty to third parties that is owed apart from the familial relation, and they may be found liable (see, Nolechek v Gesuale, 46 NY2d 332). According to the

third-party plaintiffs, the question of whether the waterslide is a dangerous instrument is something to be determined at a trial. However, this court has upheld the dismissal of causes of action based upon a Judge's determination that the object involved was not a "dangerous instrument" within the meaning of *Nolechek v Gesuale (supra; see, e.g., Pietrzak v McGrath,* 85 AD2d 720; *Young v Dalidowicz,* 92 AD2d 242). The waterslide used in the case at bar was no different from other toys used by children such as seesaws, bicycles, or skateboards, which the courts have held are not dangerous instruments *(see, Steinberg v Cauchois,* 249 App Div 518; *Pietrzak v Mc-Grath, supra; Young v Dalidowicz, supra).* Since the first cause of action did not come within the *Nolechek* exception, it was properly dismissed.

The second cause of action was also properly dismissed since the failure to properly instruct a child merely constitutes negligent parental supervision and, thus, is not actionable *(see, Grivas v Grivas,* 113 AD2d 264). Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.