■ CORINN M. PRAVATO et al., Respondents, v JOSEPH PRAVATO, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated December 8, 1989, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) is granted.

The infant plaintiff was injured when she fell or was thrown from a pony that the defendant, her father, had brought her to a stable to ride. Although the plaintiffs here assert that the defendant violated a duty ordinarily owed independently of the parent-child relationship *(see, Holodook v Spencer,* 36 NY2d 35, 50), we discern no facts within the four corners of the complaint which support any cause of action *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275) other than one premised on negligent parental supervision, a cause of action not cognizable in New York *(Holodook v Spencer, supra; Parsons v Wham-O, Inc.,* 150 AD2d 435, 436; *McGill v McGill,* 127 AD2d 996). The defendant's motion to dismiss the complaint, including the derivative cause of action interposed on behalf of the plaintiff mother, should have been granted *(see, McGill v McGill, supra; see also, Karlsons v Guerinot,* 57 AD2d 73, 81). Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.