■ ANN M. HADDEN et al., Respondents, v KERO-SUN, INC., et al., Respondents, and THEODORE HADDEN et al., Appellants. [602 NYS2d 880] —In a negligence and products liability action to recover damages for personal injuries, etc., the defendants Theodore Hadden and Donna Hadden appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 7, 1991, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and any cross claims against them.

Ordered that the order is affirmed, with one bill of costs to the plaintiffs-respondents and the defendants-respondents Toyotomi Kogyo Co., Ltd., and Toyotomi of America, Inc., appearing separately and filing separate briefs.

The appellants are the paternal grandparents of the infant plaintiff Ann Marie Hadden. At the time of the accident herein, the infant and her parents had been living in the appellants' home for approximately two months, during which time the appellants would watch the infant, including changing her diapers and/or feeding her whenever her mother went to work or went out. Sometimes the appellants would buy diapers or feed the infant from their own food supplies. On the date of the accident, the mother was working and the infant was being cared for by the appellants. The infant, who had just turned one year old and was beginning to walk, tripped and fell onto a hot kerosene heater that was kept in an open space in the family room. In addition to commencing a suit against the manufacturer and distributor of the heater, the infant's mother also commenced suit against the appellants alleging, *inter alia,* negligent supervision of the infant. The appellants moved for summary judgment dismissing the complaint insofar as it is asserted against them, arguing that since they were acting in loco parentis, they were immune to a claim of negligent supervision under *Holodook v Spencer* (36 NY2d 35). The court denied the motion, finding the existence of triable issues of fact.

In *Holodook v Spencer (supra,* at 40), the Court of Appeals concluded that "a child does not have a legally cognizable claim for damages against his parent for negligent supervision". It has since become established that this "principle that precludes tort claims against parents for alleged negligent supervision of a child does not extend to immunize a grand-

parent from such claims when he or she is exercising temporary custody and control of the infant" *(Costello v Marchese,* 137 AD2d 482, 483; *see also, Broome v Horton,* 83 Misc 2d 1002, *affd* 53 AD2d 1030; *Barrera v General Elec. Co.,* 84 Misc 2d 901). The appellants argue that the *Holodook* rule should be applied to a situation such as the one herein where it is alleged that the grandparents were acting in loco parentis and not merely temporary control. However, whether an individual is acting in loco parentis is generally a question of fact and is not to be lightly inferred *(see, Rutkowski v Wasko,* 286 App Div 327, 331; *see also, Miller v Davis,* 49 Misc 2d 764). *"In loco parentis* refers to a person who has fully put himself in the situation of a lawful parent by assuming *all* the obligations incident to the parental relationship and who actually discharges those obligations" *(Rutkowski v Wasko, supra,* at 331; *see also, Matter of Jamal B.,* 119 Misc 2d 808).

While we agree with the appellants that *Holodook* should be applied where grandparents are acting in loco parentis *(see, Costello v Marchese, supra,* at 483), the Supreme Court properly determined that there are numerous issues of fact that can only be resolved after trial. Among the issues to be explored are the nature of the living arrangements of the parties, the extent of the care and services provided by the appellants, and whether the circumstances are such that the appellants were acting in loco parentis. There also exist triable issues of fact as to the alleged negligence of the appellants in the operation and placement of the kerosene heater in question. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.