■ Alexandra Hlavinka, an Infant, by Josef Hlavinka, Her Father and Natural Guardian, et al., Plaintiffs, v Slovak Sky Bungalow Colony et al., Defendants and Third-Party Plaintiffs-Appellants. Margarita Hlavinka, Third-Party Defendant-Respondent. [611 NYS2d 335] —Weiss, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 3, 1993 in Sullivan County, which granted third-party defendant's motion to dismiss the third-party complaint.

Nine-year-old plaintiff Alexandra Hlavinka (hereinafter plaintiff) was injured while a spectator at a volleyball game when a goal post and station at the athletic field fell onto her legs. She and her father commenced an action in negligence for her personal injuries against defendants, who are alleged to have owned, maintained, and operated the real property on which the accident occurred. Defendants commenced a third-

party action against Margarita Hlavinka, plaintiff's mother, who apparently was employed by defendants, inartfully alleging three causes of action. The first two claims alleged in the third-party complaint are for negligent supervision by a parent of a child. The third claim essentially alleges that in rendering emergency assistance and aid to plaintiff, the injury caused by the accident was aggravated. Third-party defendant successfully moved to dismiss the third-party complaint for failure to state a cause of action. Defendants have appealed the resultant dismissal.

The negligent failure to supervise a child is not recognized in this State as a tort actionable by the child against his or her parent (*Parsons v Wham-O, Inc.,* 150 AD2d 435, 436; *Zikely v Zikely,* 98 AD2d 815, *affd on mem below* 62 NY2d 907; *see, Nolechek v Gesuale,* 46 NY2d 332; *Holodook v Spencer,* 36 NY2d 35). Similarly, a third party cannot seek contribution from a parent on the basis that a child's injury was the result, either in whole or in part, of the parent's failure to supervise the child (*Reale v Herco, Inc.,* 183 AD2d 163, 168; *Russo v Osofsky,* 112 AD2d 926; *Kroupa v Southampton Hosp.,* 49 AD2d 926, 927). The first two claims in the third-party complaint fall squarely within this rule, clearly failing to state a cognizable cause of action, and were properly dismissed as a matter of law by Supreme Court.

The remaining claim is couched in ordinary and affirmative negligence, alleging specifically that third-party defendant negligently handled plaintiff following the injury "by lifting her leg and making her bend the knee which forced the shin to bend even more, thereby aggravating" the injury. The fact that third-party defendant is the mother of plaintiff does not diminish or excuse her culpability for her negligent actions which resulted in injury to the child (*see, Gelbman v Gelbman,* 23 NY2d 434, 439; *see also, Grivas v Grivas,* 113 AD2d 264; *Zikely v Zikely, supra; Goedkoop v Ward Pavement Corp.,* 51 AD2d 542). While conceding that they lack evidence to support the contention that third-party defendant aggravated plaintiff's injury,* defendants contend that proof is unnecessary to determine whether a cause of action is stated when a CPLR 3211 motion to dismiss has been made. Because the motion is predicated solely upon the basis that the pleading is deficient on its face, even if all factual allegations of the third

---

* It is presumed that defendants have some reasonable basis for commencing and continuing this claim (*see,* CPLR 8303-a; *Grasso v Mathew,* 164 AD2d 476, 480, *lv dismissed* 77 NY2d 940, *lv denied* 78 NY2d 855).

claim are conceded, that portion of the relief sought should have been denied (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:24, C3211:25, at 38-41).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed a claim for negligence set forth in the third-party complaint, and, as so modified, affirmed.