[621 NYS2d 633]

Magalie B. Thurel, Individually and as Administratrix of the Estate of Ralph Thurel, Deceased, Respondent, v Mathews Varghese et al., Appellants, et al., Defendant.

Second Department, January 17, 1995

### APPEARANCES OF COUNSEL

*Maroney, Ponzini & Spencer,* Tarrytown *(Marianne Stecich* of counsel), for appellants.

*Seymour C. Hartman,* Brooklyn *(Norman S. Goldsmith* of counsel), for respondent.

### OPINION OF THE COURT

SANTUCCI, J.

On this appeal we deal with the novel issue of whether a mother who chooses to hold her two-month-old infant son in her arms while riding as a passenger in the back seat of a car, may be held liable for comparative negligence, when the child is killed as a result of an automobile accident. Under the circumstances presented herein we find that such a claim does not present a cognizable cause of action under the current state of New York law.

The factual background to this appeal presents a tragic scenario. On October 4, 1991, the plaintiff Magalie Thurel (hereinafter the mother) and her two-month-old son, Ralph Thurel (hereinafter the infant), were passengers in a car being driven by the defendant Vaugel Thurel, the husband and father. At the time of the accident the mother was sitting in the rear seat of the car holding her son in her arms. The appellants allege that the Thurel car contained a child safety seat but that it was not being utilized at the time of the accident. The Thurel car collided with a car being driven by the defendant Binesh Mathews, and owned by the defendant Mathews Varghese. When the cars collided, the infant was ejected from his mother's arms and thrown through the car window and onto the pavement, suffering injuries that resulted in his death.

In the course of the lawsuit brought against the appellants by the mother (in her own behalf and on behalf of the estate of the deceased infant), the appellants interposed an answer asserting counterclaims seeking contribution from the mother and the father. The counterclaim against the mother, at issue here, asserted that the infant's injuries and death "were caused or contributed to by the negligent and culpable conduct of [the mother in] * * * fail[ing] to properly and legally

restrain the infant plaintiff in a specially designed detachable or removable child safety seat".

The mother moved to dismiss the counterclaim arguing that it was actually one for negligent supervision, and that such a claim fails to state a cause of action since negligent supervision is not a tort recognized by the courts of this State *(see, Holodook v Spencer,* 36 NY2d 35).

The appellants opposed the motion, arguing that the counterclaim sounded in negligence "which would otherwise be actionable outside of the familial relationship", and not in negligent supervision. Therefore, the appellants concluded that their claim for contribution was not precluded under the "familial immunity doctrine".

The Supreme Court agreed with the mother's argument and dismissed the counterclaim. The defendants Varghese and Mathews now appeal.

It is now well settled that there is no legally cognizable cause of action to recover damages for injuries suffered by a minor child against his or her parents for negligent supervision *(Holodook v Spencer, supra; Hadden v Kero-Sun, Inc.,* 197 AD2d 668; *Pravato v Pravato,* 175 AD2d 116; *Parsons v Wham-O, Inc.,* 150 AD2d 435). In addition, where a secondary right of contribution is dependent upon "the parent's alleged failure to perform a duty owing to the [infant] plaintiff * * * the absence of the primary cause of action defeats [a] counterclaim" *(Holodook v Spencer, supra,* at 51).

The appellants argue that the holding in the *Holodook* case does not operate to bar their counterclaim since the mother's obligation to place her child in a car safety seat was a duty which she owed regardless of the familial relationship, and thus ordinary principles of negligence are applicable. It is true that "a child * * * has a viable cause of action against its parent based on the parent's negligent act which breaches a duty owed to the world at large" *(Hurst v Titus,* 77 AD2d 157, 158). For example, in the case of *Grivas v Grivas* (113 AD2d 264), this Court held that where a child was injured as a result of his parent leaving a running electric lawnmower unattended, the breach of duty of reasonable care with respect to a dangerous instrumentality was one owed to any third party. Thus, the *Grivas* child had a valid negligence cause of action against his parent, and the family relationship was purely incidental. Similarly, in the case of *Semmens v Hopper* (128 AD2d 767), this Court found that where a child is injured

as a result of accessibility to a swimming pool, there is at least a question of fact as to whether the parent's breach of the duty to exercise reasonable care with respect to such accessibility is a duty owed to the world at large (i.e., separate and apart from the family relationship). Thus, the child in the *Semmens* case may have had a valid cause of action against his parents based upon ordinary negligence and not for negligent supervision *(see also, Acquaviva v Piazzolla,* 100 AD2d 502; *Goedkoop v Ward Pavement Corp.,* 51 AD2d 542). However, where the factual situation gives rise only to a cause of action premised upon negligent supervision, the complaint (or counterclaim) should be dismissed *(see, Pravato v Pravato,* 175 AD2d 116, *supra).*

In the case at bar, the mother's decision to hold the infant in her arms while riding in the car was one within the parameters of her parental discretion and judgment. Moreover, even assuming that the failure to place the infant in a child safety seat constituted a breach of the duty of reasonable care, this was not a duty which the mother owed to the world at large *(cf., Grivas v Grivas,* 113 AD2d 264, *supra).* As a passenger in a vehicle, the mother owed no independent duty —separate and apart from the family relationship—to insure that a fellow passenger was restrained in a child safety seat. Indeed, taken to its logical conclusion, the appellants' argument would result in the imposition of a duty which has heretofore not been recognized, to wit, the responsibility of one motor vehicle passenger to exercise reasonable care for the safety of another fellow passenger. Thus, the appellants' counterclaim is premised solely upon the mother's negligent supervision and was properly dismissed for failure to state a cause of action.

As was stated in a similar case by the Appellate Division, Fourth Department, "inasmuch as the infant plaintiff had no viable cause of action directly against her mother, to permit this counterclaim to be interposed against the plaintiff mother would be to allow the defendant * * * to accomplish by indirection that which may not be done directly *(Holodook v Spencer* [36 NY2d 35]). The motion to dismiss the counterclaim should have been granted" *(Latta v Siefke,* 60 AD2d 991, 992).

We also note that, contrary to the appellants' contention, their counterclaim cannot be premised upon the mother's alleged violation of the statutory mandate contained in Vehicle and Traffic Law § 1229-c. Subdivision (1) of that section provides in pertinent part as follows: *"No person shall operate*

*a motor vehicle* in this state unless all back seat passengers of such vehicle under the age of four are restrained in a specially designed detachable or removable [child safety] seat" (emphasis supplied). The statute is unambiguous in that it only imposes the duty to restrain the child passenger upon the operator of the vehicle and not upon a fellow passenger. Moreover, even in the absence of such a statute, we have previously indicated that a child's claim for injuries suffered as a result of his or her failure to be restrained in an automobile safety seat may only be asserted against the custodial driver *(see, Costello v Marchese,* 137 AD2d 482, 483). In any event, no reported case has held that a passenger's failure to secure a fellow infant passenger in a child safety seat will give rise to a cause of action in negligence.

Accordingly, we conclude that the appellants' counterclaim is based solely upon the mother's negligent supervision of her child and as such does not state a cognizable cause of action in this State *(see, Holodook v Spencer, supra).* Therefore, the Supreme Court correctly dismissed the appellants' counterclaim for failure to state a cause of action.

BRACKEN, J. P., KRAUSMAN and GOLDSTEIN, JJ., concur.

Ordered that the order is affirmed, with costs.