■ NICHOLAS LA TORRE, Plaintiff, v GENESEE MANAGEMENT, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. MARIA LA TORRE, Third-Party Defendant-Respondent. [644 NYS2d 848] —Casey, J.

On May 2, 1992, plaintiff (then age 20), who suffers from severe mental retardation, accompanied his mother, third-party defendant herein, to Rotterdam Square, a shopping mall owned by defendant Wilmorite, Inc. located in the Town of Rotterdam, Schenectady County. Plaintiff was left in the central area of the mall, where a carousel and video game arcade are located, while third-party defendant went shopping. Plaintiff became involved in an altercation with a boy at the arcade, causing the manager thereof to summon security guards employed by defendant Genesee Management, Inc., a security company retained by Wilmorite. The two guards who arrived upon the scene failed in their verbal attempts to calm plaintiff. They then physically subdued and handcuffed him, allegedly causing him both physical and psychological injuries.

In May 1993, plaintiff commenced the instant negligence action against defendants. Defendants answered and then commenced a third-party action against third-party defendant, contending that any damages incurred by plaintiff were the result of her negligence in leaving plaintiff unattended. When third-party defendant failed to answer defendants' third-party complaint, defendants moved for summary judgment dismissing the complaint or, in the alternative, for entry of a default judgment against her for the full amount of any judgment which might be awarded to plaintiff upon the action-in-chief. Supreme Court denied the motion and dismissed the third-party complaint. Defendants appeal.

Supreme Court correctly ruled that defendants failed to state a cause of action against third-party defendant. A parent may, in certain circumstances, be held liable for injuries caused by his or her child to third parties, e.g., when a parent "(1) fails to supervise a child with a known propensity toward vicious conduct or (2) entrusts a child with a dangerous instrument" (*Brahm v Hatch*, 203 AD2d 640, 641; *see, Nolechek v Gesuale*, 46 NY2d 332, 338; *Hlavinka v Slovak Sky Bungalow Colony*, 203 AD2d 855, 856). The injuries in the instant matter, however, were not caused by a dangerous instrument and were not sustained by a third party but by plaintiff, third-party defendant's child. There is no cognizable cause of action in these circumstances (*see, Wallace v Pacelli*, 221 AD2d 778, 779). Hence, defendants' third-party action was properly dismissed.

White, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.