■ WILLIAM F. PASSE, Appellant, v HOLIDAY INNS, INC., et al., Defendants, and JAMES MURPHY, Respondent. [670 NYS2d 272] —Order insofar as appealed from unanimously reversed on the law with costs, motion denied and third, fourth and fifth causes of action reinstated. Memorandum: Supreme Court erred in concluding as a matter of law that the hard rubber "super ball" thrown by eight-year-old defendant Casey Murphy was not a dangerous instrument and that therefore defendant James Murphy, Casey's father, could not be held liable for negligence. Although a parent generally is not liable for the negligent supervision of his child (*see, Holodook v Spencer*, 36 NY2d 35; *Santalucia v County of Broome*, 205 AD2d 969, 970, *lv dismissed* 84 NY2d 923), there is an exception to that rule. A parent owes a duty to shield third parties from a child's improvident use of a dangerous instrument, especially when the parent is aware of and capable of controlling its use (*Nolechek v Gesuale*, 46 NY2d 332, 338; *Kelchner v John Deere Co.*, 149 AD2d 911, 912, *lv dismissed in part and denied in part* 74 NY2d 890; *Alessi v Alessi*, 103 AD2d 1023).

Plaintiff submitted an expert's affidavit stating that the "super ball" is approximately 3.4 times as dangerous as a tennis ball, and the record establishes that such a hard rubber ball can cause a serious injury when it strikes the eye of an unsuspecting person enjoying the use of a swimming pool. We conclude that there is a triable issue of fact whether the "super ball" is a dangerous instrument based upon its size, weight

and hardness and the manner in which it was used. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.