OPINION OF THE COURT
Marsha L. Steinhardt, J.
*892 Plaintiffs move this court for an order dismissing the third-party complaint. This is an action for personal injuries suffered by the infant plaintiff in connection with his alleged exposure to lead-based paint. Action was commenced on or about December 21, 1994 against the above-named defendants. It is plaintiffs’ position that the City was negligent in issuing instructions relating to the removal of lead-based paint; in conducting inspections in connection with the removal of the paint; and in issuing certificates that the premises were free of lead-based paint. The action continued and on or about March 27, 1997 a note of issue was filed by plaintiffs. The City commenced a third-party action against plaintiff parents in February of this year. It is the contention of the movants that the third-party action is untimely, as it was commenced well beyond the deadline set forth in the original court order providing for commencement of same. In addition, and more particularly, the moving plaintiffs contend that the third-party complaint fails to set forth a legally cognizable cause of action and that the gravamen of said complaint is the negligent supervision of the infant by the parents. “The negligent failure to supervise a child is not recognized in this State as a tort actionable by the child against his or her parent (Parsons v Wham-O, Inc., 150 AD2d 435, 436; Zikely v Zikely, 98 AD2d 815, affd on mem below 62 NY2d 907; see, Nolechek v Gesuale, 46 NY2d 332; Holodook v Spencer, 36 NY2d 35). Similarly, a third party cannot seek contribution from a parent on the basis that a child’s injury was the result, either in whole or in part, of the parent’s failure to supervise the child (Reale v Herco, Inc., 183 AD2d 163, 168; Russo v Osofsky, 112 AD2d 926; Kroupa v Southampton Hosp., 49 AD2d 926, 927).” (Hlavinka v Slovak Sky Bungalow Colony, 203 AD2d 855, 856 [3d Dept 1994].)
Defendant, on the other hand, contends that plaintiff parents are being “brought into the action,” as third parties, because they are the owners of the premises at issue; that they specifically requested and oversaw the renovations that caused lead dust to be released into the atmosphere, which allegedly caused inhalation and ingestion of same by the infant; that it is not the intention of the City to allege, nor does the third-party complaint sound in, negligent supervision; and that the duty of the parents, vis-a-vis their position of homeowner, would be the same to any person residing in the lead-infested apartment. “The fact that third-party defendant is the mother of plaintiff does not diminish or excuse her culpability for her negligent actions which resulted in injury to the child (see, *893 Gelbman v Gelbman, 23 NY2d 434, 439; see also, Grivas v Grivas, 113 AD2d 264; Zikely v Zikely, supra; Goedkoop v Ward Pavement Corp., 51 AD2d 542).” (Hlavinka v Slovak Sky Bungalow Colony, supra, at 856.)
It is this court’s opinion that the City of New York has set forth a viable third-party action against Andrew and Emily Berger for the breach of the duty owed by them to infant plaintiff, Alexander. This duty arose not from their position as the infant’s parents, but rather from their ownership of the property in which he resided. To what extent they are responsible for the lead-based paint removal from the walls of the abode is an issue to be resolved, ultimately, by a jury. (See, Arriaga v Laub Co., 233 AD2d 244 [1st Dept 1996].)
The court further finds that the admitted untimeliness of the third-party action will not unduly delay the main action. Most, if not all, discovery has been concluded. A common set of facts and law is involved in both the main and third-party claim. This action is to remain on the Trial Calendar while discovery in the third-party action is continuing.
Motion by plaintiffs to dismiss the third-party complaint is denied.