OPINION OF THE COURT
Loren Baily-Schiffman, J.
Defendants have brought a motion to dismiss the fifth and sixth causes of action against defendants Joseph Cappucci and Eileen Cappucci on the ground that the complaint fails to state a cause of action against them. For the following reasons, the motion is denied.
*71 PROCEDURAL HISTORY
This action has its unfortunate beginnings in the violent incident of September 12, 1990 in which Joseph Cappucci, Jr. assaulted Patrick McEntee, Jr. with a baseball bat. On April 22, 1991, Joseph Cappucci, Jr. pleaded guilty to assault in the second degree, a class D felony. On July 25, 1997, the Honorable Maxine Archer entered a default judgment against defendant Joseph Cappucci, Jr. The parents now move to dismiss the fifth and sixth causes of action pursuant to CPLR 3211 (a) (7).
The fifth cause of action alleges that Mr. and Mrs. Cappucci had knowledge of their son’s vicious and malicious disposition and had knowledge that he habitually assaulted and mistreated others and that despite such knowledge they failed to exercise reasonable and proper control over their son. The sixth cause of action alleges that despite Mr. and Mrs. Cappucci’s knowledge of the attack of September 12, 1990 as well as other violent malicious acts, the parents continued to fail to exercise reasonable control over their son.
DISCUSSION
A motion to dismiss pursuant to CPLR 3211 (a) (7) is successful only when the complaint fails to state a claim on its face. In this case, the fifth and sixth causes of action rest on the law of negligent supervision.
Holodook v Spencer (36 NY2d 35 [1974]) holds that a cause of action against parents premised upon the negligent supervision of their child cannot stand. However, plaintiffs’ counsel is correct in asserting that Holodook applies only where the child sues her own parents.
In this case, plaintiffs are relying upon Zuckerberg v Munzer (277 App Div 1061 [2d Dept 1950]), allowing for a case of negligent supervision of a child with a known propensity for violent conduct who attacked a person with a baseball bat, and Nolechek v Gesuale (46 NY2d 332, 338 [1978]), an exception to the general rule against parental liability which allows for claims based on parents owing “a duty to third parties to shield them from an infant child’s improvident use of a dangerous instrument, at least, if not especially, when the parent is aware and capable of controlling its use.”
Reasoning that “It matters not that the parent would not be liable to [the] child in an action for personal injuries; the financial harm suffered by the third party results from a legally *72 cognizable breach of duty different in kind from any moral breach of duty to the child” (Nolechek v Gesuale, supra, at 339), the Nolechek Court carved out an exception to the Holodook rule which does not contemplate third parties. (See also, Passe v Holiday Inns, 248 AD2d 982 [4th Dept 1998]; La Torre v Genesee Mgt., 228 AD2d 995 [3d Dept 1996]; Armour v England, 210 AD2d 561 [3d Dept 1994]; Parsons v Wham-O, Inc., 150 AD2d 435 [2d Dept 1989].)
Because this case falls well within parental liability envisioned by Nolechek and Zuckerberg (supra), the motion to dismiss is denied.