OPINION OF THE COURT
Anthony T. Kane, J.
Plaintiffs in action No. 2, Michael Clarkin and Bernadette Clarkin (hereafter the Clarkins), move this court for an order pursuant to CPLR 3025 adding Lisa Rider as a defendant in the above-entitled action; and/or striking defendants’ affirmative defense of failure to employ a seat belt or child safety restraint; and/or precluding, in limine, any apportionment of fault to Lisa Rider if the court denies plaintiffs the right to amend the complaint and bring an action directly against Lisa Rider.
Plaintiffs in action No. 1, Lisa Rider (hereafter Rider), Richard Speaker, as guardian for Jennifer Speaker, and Richard Speaker, individually (hereafter collectively referred to as Speaker), appear and oppose the motion, in part. Defendant John Strasser (hereafter Strasser) appears and opposes the motion, in part. Defendant Laurie Speaker appears and takes no position as to the motion and advises the court that said defendant withdraws the affirmative defense related to seat belt use. Defendants Eldred Diner, Eldred Diner and Service Station and Jessie Jakubowski appear and do not oppose that portion of plaintiffs’ application seeking to serve a *1001 supplemental summons and amended complaint for the purpose of joining Lisa Rider as a party to this action.*
As a preliminary matter, the court notes that the two above-captioned matters, arising out of the same motor vehicle accident, were recently consolidated.
On April 18, 1996, the infant plaintiff Michael Clarkin, Jr. allegedly sustained serious personal injuries as a result of a motor vehicle accident which occurred at the intersection of County Route 43 and State Route 42 in Forestburgh, Sullivan County, New York, when a vehicle operated by defendant Laurie Speaker, in which the infant plaintiff was a backseat passenger, collided with a delivery van operated by defendant John Strasser. Michael Clarkin, Jr. was 14 months old at the time of the accident in question.
Plaintiffs Clarkin allege that prior to the accident Mrs. Clarkin had left her son, the infant plaintiff, with proposed defendant Lisa Rider to babysit while Mrs. Clarkin was at work. Plaintiffs contend that, upon information and belief, shortly after Mrs. Clarkin left for work, defendant Laurie Speaker, the sister of defendant Lisa Rider, arrived at the house and the two then decided to go shopping. Plaintiffs contend that there were three children placed in the Speaker vehicle: defendant Speaker’s daughter, Jennifer, was placed in the only car seat; and the other two infants, Michael Clarkin, Jr. and Charles Wolff, who also was in Ms. Rider’s care, were placed in the rear seat of the vehicle. Plaintiffs Clarkin assert that according to the police incident report, the infants Clarkin and Wolff were secured only by a seat belt, but that based on defendants’ allegations, Ms. Rider may have failed to secure the infant plaintiff even by a safety belt.
Each of the defendants have claimed, as an affirmative defense, that Michael Clarkin, Jr. is guilty of his own culpable conduct and/or failed to mitigate his damages for'failing to use an available seat belt and/or child safety seat.
Initially, the court grants that portion of plaintiffs Clarkins’ motion seeking to strike the seat belt defense. As a matter of law, a 14 month old is incapable of contributory negligence (see, Galvin v Cosico, 90 AD2d 656 [3d Dept 1982] [wherein the Appellate Division, in affirming the judgment of *1002 the lower court, found that an infant who was three years and 10 months of age at the time of the claimed malpractice, could not, as a matter of law, be capable of contributory negligence. The Appellate Division also found that the negligence of a parent, if any, is not imputable to the child]; see also, Figueroa v Waldbaum’s, Inc., 160 Misc 2d 379 [Sup Ct, Nassau County 1994]). Furthermore, section 3-111 of the General Obligations Law provides that: “[i]n an action brought by an infant to recover damages for personal injury the contributory negligence of the infant’s parent or other custodian shall not be imputed to the infant.” Thus, all defendants’ affirmative defenses alleging comparative fault, assumption of the risk, failure to mitigate damages based on infant plaintiff Clarkin’s alleged failure to either use a seat belt or a child car seat are stricken.
Plaintiffs Clarkin seek to add Ms. Rider as a defendant on the basis that, at the time of the accident, Ms. Rider was responsible for infant Michael Clarkin, Jr; that said infant was in the custody and care of Ms. Rider; and that, notwithstanding the apparent absence of a child safety seat, Ms. Rider made á conscious decision to place infant plaintiff in the vehicle. Clarkins assert that such conduct constitutes negligence.
In opposition,'plaintiffs Lisa Rider and Speaker vigorously argue that under New York law there is no recognizable cause of action which would permit such claim and thus that portion of plaintiffs Clarkins’ motion to amend the complaint to add Ms. Rider as a defendant should be denied. Furthermore, plaintiffs maintain that even if the court were to consider Ms. Rider as Bernadette Clarkin’s alter ego as in loco parentis, it would be prevented from granting the relief requested under the theory of parental immunity.
The question presented by the facts and circumstances herein is whether a custodial passenger in a motor vehicle may be held liable for damages resulting from injuries suffered by the infant plaintiff on the basis of negligent supervision. As this is a case of first impression, the court begins its analysis with a discussion of the following well-settled propositions of law.
It has been long established that there is no legally cognizable cause of action to recover damages for injuries suffered by a minor child for negligent parental supervision (see, Holodook v Spencer, 36 NY2d 35, 50 [1974]; see also, Thurel v Varghese, 207 AD2d 220 [2d Dept 1995]). The court-created intrafamilial immunity doctrine arose from the desire to preserve family resources and to prevent family discord. As the Court of Appeals *1003 so aptly reasoned in Holodook v Spencer (supra, 36 NY2d, at 47): “ ‘[i]ndeed, if within the wide scope of daily experiences common to the upbringing of a child a parent may be subjected to a suit for damages for each failure to exercise care commensurate with the risk — for each injury caused by inattention, unwise choice or even selfishness — a new and heavy burden will be added to parenthood.’ ”
As support for their position in opposition, plaintiffs in action No. 1 rely extensively on the decision rendered by the Appellate Division, Second Department, in Thurel v Varghese (supra), wherein the Court affirmed the lower court’s order dismissing defendants’ counterclaim for contribution, alleging that the mother of an infant who died in an automobile accident was liable for comparative negligence, arising from her choice to hold the infant in her arms while riding in the back seat. In reaching its decision, the Appellate Division, Second Department, stated, in part, that “the mother’s decision to hold the infant in her arms while riding in the car was one within the parameters of her parental discretion and judgment” (supra, at 223). The Court also emphasized the duty imposed by Vehicle and Traffic Law upon the operator of a motor vehicle to require “back seat passengers of such vehicle under the age of four [to be] restrained in a specially designed seat” (Vehicle and Traffic Law § 1229-c [1]). Thus, the Thurel Court concluded, in dicta, that “even in the absence of such a statute, we have previously indicated that a child’s claim for injuries suffered as result of his or her failure to be restrained in an automobile safety seat may only be asserted against the custodial driver” (Thurel v Varghese, supra, 207 AD2d, at 224, citing Costello v Marchese, 137 AD2d 482, 483 [2d Dept 1988] [Wherein the Appellate Division, Second Department, upheld the lower court’s order denying partial summary judgment seeking to dismiss the claim against defendant grandfather in an action to recover for personal injuries sustained by the infant plaintiff as a result of a motor vehicle accident. Plaintiffs alleged therein that defendant, the driver, was guilty of negligence for failing to fasten the infant plaintiffs seat belt]).
However, this court is not persuaded by the arguments advanced by plaintiffs’ counsel in action No. 1 in opposition to the motion herein. Nor does the court interpret the decision in Costello v Marchese (supra) so narrowly as to shield all but the custodial driver from the infant plaintiff’s claims for alleged negligent supervision. Despite the absence of a statutory mandate requiring safety seat usage at the time the Appellate *1004 Division, Second Department, handed down its memoranda decision in Costello v Marchese, the reasoning employed by that Court is very much applicable to the facts presented herein.
As the Costello Court stated: “[t]he principle that precludes tort claims against parents for alleged negligent supervision of a child does not extend to immunize a grandparent from such claims when he or she is exercising temporary custody and control of the infant” (supra, at 483 [emphasis added]). Similarly, this court finds no compelling reason, supported by either statutory or decisional law, which would militate in favor of extending the intrafamilial immunity to Lisa Rider. It is undisputed that she was babysitting the infant plaintiff on the day of the accident. The fact that plaintiffs Clarkin have proffered no affidavit to suggest that Mrs. Clarkin would not have left the infant with Ms. Rider if she knew Ms. Rider would have taken him in the car that day is of little significance.
On the day in question, Ms. Rider had clearly undertaken to care for the infant plaintiff and assumed temporary control and responsibility for the infant while his mother was at work. Thus, Lisa Rider became responsible for the infant plaintiff’s injuries through her alleged negligence. More important, Ms. Rider’s duty to use reasonable care to protect the infant cannot be measured by what her duty would have been had she been the child’s parent. Unquestionably, there is no such policy analogous to that which gave rise to the principle of parental immunity which would prevent this court from recognizing a cause of action for negligent supervision as against Lisa Rider. If the Costello Court failed to broaden the scope of the immunity so as to include the grandfather of an injured infant, then this court certainly sees no compelling reason to shield a nonfamilial custodian from liability for alleged negligent supervision.
This court embraces the concept that the duty in question should not be expanded to such a degree so as to make the safety of a passenger the responsibility of another fellow passenger absent a custodial relationship. Of great significance, however, is the fact that Lisa Rider was not simply another passenger. Rather, by agreeing to babysit for the infant plaintiff, Ms. Rider donned the mantle of temporary custodian of said infant and by reason of this relationship, albeit for a limited duration, she accepted the attendant duty to care for the infant while he was under her supervision. Under the facts herein, Lisa Rider’s failure to place the infant in a safety restraint seat may be found to be a negligent act and she cannot immunize herself from the responsibility she herself assumed.
*1005 In light of the foregoing, the court grants plaintiffs Clarkins’ motion seeking to join Lisa Rider as a defendant in action No. 2.
Having granted plaintiffs Clarkins’ motion, the court need not reach that part of plaintiffs’ motion seeking to preclude any apportionment of fault to Lisa Rider as a nonparty.

 Counsel for defendants Eldred Diner, Eldred Diner and Service Station, and Jessie Jakubowski advise this court that any seat belt defense as to Michael Clarkin, Jr. will be withdrawn if Lisa Rider is made a party defendant and if Michael Clarkin, Jr. was indeed seat belted.