■ DAPHNE MARCIAL et al., Appellants, v MICHAEL MALDONADO, Respondent. [733 NYS2d 461] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 6, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the causes of action asserted on behalf of the plaintiff Nicole Hyacinth and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action sounding in strict liability in tort and negligence to recover damages for injuries caused when the infant plaintiff was bitten by a French mastiff dog kept on the defendant's premises. Where a plaintiff seeks to recover in strict liability in tort for dog bites, the plaintiff

must prove that the dog had vicious propensities and that the owner or the person in control of the premises where the dog was kept knew or should have known of such propensities (*see, Strunk v Zoltanski,* 62 NY2d 572; *Lugo v Angle of Green,* 268 AD2d 567; *White v Bruner,* 233 AD2d 439). The record reveals that there exist triable issues of fact as to whether the subject dog had vicious propensities and, if so, whether those propensities were known or should have been known to the defendant (*see, Coon v Holmes,* 253 AD2d 731).

Furthermore, there exist issues of fact as to whether the defendant was negligent in the manner in which he kept the dog upon the premises (*see, Beck v Morse,* 271 AD2d 916).

The Supreme Court properly dismissed the cause of action asserted on behalf of the plaintiff Daphne Marcial to recover damages for emotional distress since there is no evidence that she was within the zone of danger at the time of the attack (*see, Feng v Metropolitan Transp. Auth.,* 285 AD2d 447; *Bovsun v Sanperi,* 61 NY2d 219). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.