■ CONNOR CROWLEY, et al., Respondents, v MARK DeCESARE et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. JAMES F. CROWLEY et al., Third-Party Defendants-Respondents-Appellants. [799 NYS2d 774]—

In an action to recover damages for personal injuries, etc., the

defendants third-party plaintiffs Mark DeCesare and Barbara DeCesare appeal from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 12, 2004, as denied their motion for summary judgment dismissing the complaint, and the third-party defendants James F. Crowley and Margaret E. Crowley cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party complaint insofar as asserted against the third-party defendant James F. Crowley, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the third-party complaint is dismissed insofar as asserted against James F. Crowley, and the third-party action against Margaret E. Crowley is severed.

The infant plaintiff, Connor Crowley, when eight years old, allegedly was injured when he was knocked down and bitten by a dog owned by the defendants and third-party plaintiffs, Mark DeCesare and Barbara DeCesare, after he entered their yard. At the time, Connor was visiting his paternal grandparents, the third-party defendants James F. Crowley and Margaret E. Crowley, who lived next door to the DeCesares. Connor's mother commenced this action against the DeCesares alleging causes of action on Connor's behalf sounding in negligence and strictly liability. She also asserted her own, derivative claim. The DeCesares commenced a third-party action against the Crowleys, seeking indemnification and/or contribution on the basis of their alleged negligent supervision of Connor. The Crowleys moved for summary judgment dismissing the third-party complaint, and the DeCesares moved for summary judgment dismissing the complaint. The Supreme Court denied the motions, although in addressing the causes of action in the complaint, it explicitly mentioned the cause of action sounding in strict liability. We modify.

In opposition to the DeCesares' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether the DeCesares' dog had vicious propensities of which the DeCesares were or should have been aware, and whether they were negligent in the manner in which they kept the dog (*see Collier v Zambito*, 1 NY3d 444 [2004]; *Jennings v Nespolino*, 6 AD3d 582 [2004]; *Marcial v Maldonado*, 288 AD2d 357 [2001]). Thus, the Supreme Court

properly denied the DeCesares' motion for summary judgment dismissing the complaint.

With respect to the third-party action, third-party defendant James F. Crowley made a prima facie showing of entitlement to judgment as a matter of law dismissing the third-party complaint insofar as asserted against him (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the DeCesares failed to raise a triable issue of fact that he had undertaken a duty to supervise Connor and that he discharged that duty negligently (*see generally Hadden v Kero-Sun, Inc.*, 197 AD2d 668 [1993]; *Costello v Marchese*, 137 AD2d 482 [1988]). However, on the record presented, the third-party defendant Margaret E. Crowley failed to make a prima facie showing of entitlement to judgment as a matter of law on the negligent supervision cause of action asserted against her. Accordingly, the Supreme Court properly denied that branch of the Crowleys' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against Margaret E. Crowley.

The parties' remaining contentions are either without merit or not properly before this Court. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.