■ KOLTON WHEELER, Respondent, v SEARS ROEBUCK & COMPANY et al., Appellants. [831 NYS2d 427]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Richmond County (Aliotta, J.), dated November 3, 2005, which, upon the denial of their motion pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against them for failure to make a prima facie case, and upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $233,000 for past and future pain and suffering.

Ordered that the judgment is affirmed, with costs.

The family of the infant plaintiff (hereinafter the plaintiff) purchased a treadmill manufactured by the defendant Icon Health & Fitness, Inc. (hereinafter Icon), at a store owned by the defendant Sears Roebuck & Company (hereinafter Sears). Two days later, as his 10-year-old sister was walking on the treadmill, the 26-month-old plaintiff caught his hand in the rear part of the treadmill. The plaintiff's father was in the room when the accident occurred. At trial, the plaintiff argued that the treadmill's defective design caused his injuries and that Icon and Sears (hereinafter collectively the defendants) were liable under a theory of strict products liability.

Contrary to the defendants' contention, the court properly denied their motion pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against them for failure to make a prima facie case. In strict products liability, a manufacturer or retailer who sells a product in a defective condition is liable for injury which results from the use of the product, regardless of privity, foreseeability, or the exercise of due care (see Sprung v MTR Ravensburg, 99 NY2d 468, 472 [2003]; Godoy v Abamaster of Miami, 302 AD2d 57, 60 [2003]). The plaintiff need only

prove that the product was defective as a result of either a manufacturing flaw, improper design, or a failure to provide adequate warnings regarding the use of the product (*see Godoy v Abamaster of Miami, supra),* and that the defect was a substantial factor in bringing about the injury (*see Codling v Paglia,* 32 NY2d 330 [1973]). "[U]nder a doctrine of strict products liability, the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages; provided: (1) that at the time of the occurrence the product is being used (whether by the person injured or damaged or by a third person) for the purpose and in the manner normally intended . . . and (3) that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages" (*Codling v Paglia, supra* at 342).

Here, there was no evidence that the product was being used in an unintended manner at the time of the accident. Moreover, the plaintiff, at 26 months of age, was presumed to have been legally incapable of understanding danger and averting his injuries (*see Verni v Johnson,* 295 NY 436, 437-438 [1946]). Accordingly, the fact that the plaintiff was not a reasonably foreseeable user of the treadmill did not warrant dismissal of his products liability cause of action (*see Codling v Paglia, supra* at 342). Additionally, even if the user's manual for the treadmill adequately warned of the dangers the product posed to children, as the defendants contend, the plaintiff's theory of liability was based largely upon improper design, one of the alternate theories within the strict products liability doctrine (*see Godoy v Abamaster of Miami, supra* at 60).

Notably, Icon's product safety director testified that the treadmill's rotating rear roller and stationary rear end cap created an "in-running nip point hazard," and at the time that this model treadmill was designed, "it was known" that said hazard existed on this treadmill. He acknowledged that Icon was aware that there were reports of other children whose hands had been injured by nip point hazards on similar models. In addition, he testified that Icon manufactured "open back" models which eliminated the nip point hazard.

The defendants' contention that the court erred in prohibiting a defense based upon the father's alleged negligent supervision is without merit. There is no legally cognizable cause of action to recover damages for injuries sustained by a minor child against his or her parents for negligent supervision (*see Rios v Smith,* 95 NY2d 647, 651 [2001]; *Holodook v Spencer,* 36 NY2d 35, 51 [1974]; *Thurel v Varghese,* 207 AD2d 220, 222 [1995]).

Accordingly, the court properly precluded the defendants from arguing to the jury that the plaintiff's injuries were caused, in whole or in part, by the father's negligent supervision (*see Russo v Osofsky,* 112 AD2d 926, 927 [1985]). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.