■ STEPHEN HORAN et al., Respondents, v DOUGLAS E. BROWN, Appellant. [842 NYS2d 597]—

Mugglin, J. Appeal from an order of the Supreme Court (Mc-Carthy, J.), entered June 30, 2006 in Albany County, which granted plaintiff Bobbie Jo Horan's motion to dismiss the counterclaim against her.

In this personal injury action, plaintiffs assert that defendant's negligent operation of his automobile caused it to collide with a vehicle in which plaintiffs were riding. Defendant's answer, among other things, asserted a counterclaim against plaintiff Bobbie Jo Horan, a passenger in plaintiffs' vehicle, who

at the time of the accident held in her arms her five-week-old son. This counterclaim seeks apportionment of liability because Horan "prohibited" her child from being restrained in a child restraint system in breach of a duty "independent of her parental duty." Supreme Court dismissed the counterclaim against Horan for failure to state a cause of action and defendant appeals.

We affirm. It is well settled that "a parent cannot be held secondarily liable for contribution to third parties for damages resulting from failing to supervise his or her child" (*Keohan v Di Paola*, 97 AD2d 596, 597 [1983]; *see Holodook v Spencer*, 36 NY2d 35, 43-51 [1974]; *Wheeler v Sears Roebuck & Co.*, 37 AD3d 710, 711 [2007]; *Wallace v Pacelli*, 221 AD2d 778 [1995]; *Hlavinka v Slovak Sky Bungalow Colony,* 203 AD2d 855, 856 [1994]). However, parents can be liable to their children (and, by extension, for contribution to third parties) for ordinary negligence—that is, for conduct that "would be a tort 'if done by one ordinary person to another' " (*Holodook v Spencer, supra* at 48 [citation omitted]; *see Hoppe v Hoppe*, 281 AD2d 595 [2001]; *Cantave v Peterson*, 266 AD2d 492, 493 [1999]; *Hlavinka v Slovak Sky Bungalow Colony, supra* at 856-857). Here, since a passenger has no independent legal duty to insure that a fellow passenger in the vehicle is restrained by a seat belt or in a child's safety seat, dismissal was warranted (*see Thurel v Varghese*, 207 AD2d 220, 223 [1995]). Thus, here, any breach of duty arises out of the parent-child relationship and constitutes negligent parental supervision for which there is no liability. Although Vehicle and Traffic Law § 1229-c (1) imposes a duty upon operators of motor vehicles to ensure that child passengers are properly restrained (*see Thurel v Varghese, supra* at 223-224), defendant does not claim that Horan was in any way involved in the operation of plaintiffs' vehicle and does not premise negligence on a statutory violation. Thus, Supreme Court correctly dismissed defendant's counterclaim for failure to state a cause of action.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.