<hr />

(March 5, 1984)

■ JAMES ACQUAVIVA, Plaintiff, v SALVATORE PIAZZOLLA et al., Defendants. (Action No. 1.) JAMES ACQUAVIVA, Respondent, v SALVATORE PIAZZOLLA et al., Appellants. (Action No. 2.) — In an action (action No. 2) to recover damages for personal injuries, defendants appeal from (1) an interlocutory judgment of the Supreme Court, Suffolk County (Underwood, J.), entered January 14, 1983, which, after a nonjury trial, found in favor of plaintiff against defendants on the issue of liability and set the case down for the assessment of damages, and (2) an interlocutory judgment of the same court, entered January 26, 1983,

<hr />

which also found in favor of plaintiff against defendants on the issue of liability and set the case down for the assessment of damages. ¶ Appeal from the interlocutory judgment entered January 14, 1983, dismissed. That judgment was superseded by the judgment entered January 26, 1983. ¶ Interlocutory judgment entered January 26, 1983, affirmed. ¶ Plaintiff is awarded one bill of costs. ¶ James Acquaviva, the guardian of Anthony Piazzolla, an infant under 14 years of age, seeks damages against Anthony's parents because of their negligence in allowing the family station wagon to roll down their driveway over Anthony after his older brother had apparently disengaged the emergency brake while playing in the vehicle. ¶ Anthony was a year old at the time of the accident on September 17, 1974. A neighbor witnessed the accident from across the street. Anthony's three-year-old brother, John, was in the vehicle, which was parked in the driveway directly in front of the garage attached to the defendants' home. A few minutes later the witness saw Anthony, who had been playing on the front lawn, toddle over and sit down on the driveway at the sidewalk line. She then observed the vehicle roll backwards down the inclined driveway and strike the baby. Defendant Lucy Piazzolla, the boys' mother, testified that she and her children had returned home in the vehicle from a holiday outing that day and she had engaged the vehicle's emergency brake. The vehicle was in good mechanical operating condition, and they had owned it only some two weeks. She did not lock the vehicle's doors. She could not remember if she had left its windows open, and a photograph of the vehicle taken after the accident showed that the windows were open. Mrs. Piazzolla permitted the children to play on the patio at the side of their home, but they wandered to the front yard when some of the older children or their playmates apparently unlocked the patio gate placed there to keep in Anthony. She said she was on the telephone when the accident occurred. ¶ Although, in an examination before trial, Mrs. Piazzolla had denied that the children had ever played in the vehicle, at trial she said John and the other children had disobeyed her on a couple of occasions and she had chased them out of the car. She also corroborated her husband's testimony that another family automobile had once rolled back down their driveway. In his examination before trial, Mr. Piazzolla stated that the emergency brake in the station wagon in question was easily operated by anyone pulling a small knob on the dashboard. ¶ Another neighbor who lived across the street testified that on several occasions over a period of months preceding the accident she had seen defendants' children playing alone in the family automobile while the defendants were at home, and that the windows were usually open and the doors unlocked. ¶ The trial court found that defendants were liable for the accident because the facts showed that they either entrusted a dangerous instrument to John or they permitted him to have access to it. The court rejected defendants' argument that, as parents, they were not liable for injuries to one family member caused by another. We agree. ¶ Although an infant child has no cause of action against his parent for inadequate supervision (see *Holodook v Spencer,* 36 NY2d 35, 48-51), it is well established law that a parent owes a duty to third parties to shield them from the child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use (see *Nolechek v Gesuale,* 46 NY2d 332, 338). ¶ At bar, there can be little doubt that the family automobile used by the three year old, in the words of plaintiff's counsel, as a "rolling playpen * * * of some three thousand pounds" was a dangerous instrument. Nor can it be doubted that the defendants were aware that John played in the car since not only the neighbor across the street testified that on several occasions she had seen the children playing alone in the car while defendants were home, but Mrs. Piazzolla even admitted that she had previously caught

the children playing there (see *Carmona v Padilla,* 4 AD2d 181, affd 4 NY2d 767; *Kuchlik v Feuer,* 239 App Div 338, affd 264 NY 542). Despite this awareness, defendants left the car doors unlocked and the windows open even though the emergency brake was easily operated and another family automobile had previously rolled down the driveway. Under the circumstances, defendants can hardly disclaim that they permitted John use of a dangerous instrument (see *Kuchlik v Feuer, supra*). ¶ Nor can the defendants avoid liability by claiming they owed no duty to Anthony because the accident was merely the result of inadequate supervision of family members. The record of this case clearly indicates two independent acts of inadequate supervision on the part of defendants: failing to keep Anthony in the patio area and permitting John access to the family car. One-year-old Anthony, who toddled into the driveway, occupied the same position as any neighborhood child with respect to defendants' allowing John in the car; for all intents and purposes, the familial relationship between Anthony, on the one hand, and defendants and John, on the other hand, was purely incidental. Consequently, defendants owed to Anthony the same duty of shielding him from John's improvident use of the dangerous instrument as to any other third party. ¶ Accordingly, the interlocutory judgment entered January 26, 1983 must be affirmed. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.