■ RICHARD D. ALESSI, Individually and as Parent and Natural Guardian of MATTHEW C. ALESSI, an Infant, Appellant, v BARBARA G. ALESSI, Respondent-Appellant, and JOHN A. ALESSI et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff Matthew Alessi, four years of age, was struck in the eye by a toy airplane launched by his six-year-old brother John and purchased by his mother, defendant Barbara Alessi. Matthew alleged that his mother negligently entrusted the toy airplane, a dangerous instrument, to John, which constituted a hazard to third parties, including Matthew. Mrs. Alessi moved for summary judgment dismissing this cause of action and also moved to dismiss the cross claims of the codefendants. ¶ Special Term erred in granting summary judgment. Although a minor child has no cause of action against his parent for negligent supervision (see *Holodook v Spencer,* 36 NY2d 35), there is, however, a duty by a parent to protect third parties from harm resulting from a child's improvident use of a dangerous instrument when the parent is aware of and capable of controlling its use (see *Nolechek v Gesuale,* 46 NY2d 332, 336). Had the injured party here been the child of a neighbor or of an unrelated bystander, there would have been no basis to dismiss his complaint against Mrs. Alessi. Thus, the familial relationship between Matthew and Mrs. Alessi was purely incidental (see *Acquaviva v Piazzolla,* 100 AD2d 502, mot for lv to app dsmd 62 NY2d 604). Consequently, Mrs. Alessi owed to Matthew the same duty of shielding him from improvident use of a dangerous instrument as she would owe to any third party. At this stage of the proceeding, when discovery has not been completed, the question of whether

the toy airplane is a dangerous instrument is a question of fact to be determined at trial based upon the object's size, weight, shape and operating potential, as well as the age, intelligence, disposition and prior experience of the infant defendant (see *Young v Dalidowicz,* 92 AD2d 242, 248, app dsmd 59 NY2d 967; cf. *Pietrzak v McGrath,* 85 AD2d 720; see, also, PJI 2:260). ¶ Special Term properly denied defendant Barbara Alessi's motion to dismiss the cross claims of the codefendants. Each defendant is a third party to whom Mrs. Alessi owed a duty to prevent personal injury, property damage or exposure to tort liability for alleged negligent entrustment of a dangerous instrument (see *Nolechek v Gesuale, supra,* p 340). (Appeal from order of Supreme Court, Erie County, Marshall, J. — summary judgment.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.