HARVEY H. PFENNING et al., Appellants, v AGRI BUSINESS BROKERAGE CORPORATION et al., Defendants and JOHN H. PERRY, Individually and as Father and Natural Guardian of WILLIAM PERRY, an Infant, et al., Respondents.

A parent owes a duty to a third person for negligent entrustment of a dangerous instrument to his child when he is aware of and capable of controlling the instrument's use *(Nolechek v Gesuale,* 46 NY2d 332, 338; *Alessi v Alessi,* 103 AD2d 1023). Defendant James Vigrass was neither aware of nor capable of controlling the use of the motorcycle. He was not in the barn when the motorcycle was being used and the motorcycle did not belong to him or to his son, but was owned

by William Perry. Thus, Special Term properly granted summary judgment in favor of defendant James Vigrass.

The motion of defendant John Perry poses a more difficult question. A parent may be liable for entrusting his child with an instrument which "is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others" *(Steinberg v Cauchois,* 249 App Div 518, 519). Since the burden on a motion for summary judgment is upon the moving party, the issue before us is whether defendant John Perry submitted to Special Term sufficient evidentiary facts to establish, as a matter of law, that the motorcycle, in the hands of William, was not a dangerous instrument in that it did not pose an unreasonable risk to others, particularly the risk of danger by fire.

Although, in the hands of a 13 year old, a gasoline-fueled instrument may not pose an unreasonable risk that the property of others will be damaged by fire, matters other than the age of the child must be considered in measuring the risk. Also to be considered are the child's physical condition *(see, Nolechek v Gesuale, supra),* his intelligence, his experience, and any prior careless use of the instrument by him, if known to the parent *(see, Alessi v Alessi, supra).* Here there is no suggestion that the motorcycle posed an unreasonable risk to other motorists or pedestrians. Nevertheless, before the fire, John Perry did permit his 13-year-old son to own a motorcycle which was fueled by gasoline and had provided his son with tools to repair the motorcycle.

Defendant John Perry has submitted no evidentiary facts bearing on the intelligence of his son or his experience in caring for the motorcycle and in handling gasoline and has not proven that he had no prior knowledge of any careless acts of his son relating to the use of the motorcycle or of gasoline. Hence, he has not shown, as he must on a motion for summary judgment, "that the [plaintiff's] cause of action * * * has no merit." (CPLR 3212 [b].) Whether plaintiff's cause of action has merit can best be determined after all of the facts have been developed at trial. The order is modified, therefore, by denying the motion of defendant John Perry for summary judgment.

Special Term properly denied the motion of plaintiff to amend the summons and complaint to add the children, Scott Vigrass and William Perry, as parties. The Statute of Limitations has run against them and they can be added as parties at this time only if they are united in interest with their

fathers *(see,* CPLR 203 [b]; *Brock v Bua,* 83 AD2d 61). They are not united in interest because the sons' defenses are not the same as their fathers' *(see, Brock v Bua, supra,* p 68). The fathers have a defense which is not available to the children *(see, Connell v Hayden,* 83 AD2d 30, 41-42). The fathers are not liable for the negligent acts of their children unless it can be shown that they had entrusted their sons with a dangerous instrument. (Appeal from order of Supreme Court, Erie County, Cook, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.