■ NICOLE YOUNG, Individually and as Mother and Natural Guardian of JOHN YOUNG, JR., an Infant, Plaintiff, v RICHARD GREENBERG et al., Defendants and Third-Party Plaintiffs-Respondents. TIMOTHY YOUNG, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered December 4, 1990, which, *inter alia,* denied the motion of third-party defendant-appellant, Timothy Young, for summary judgment dismissing the third-party complaint as against him, unanimously affirmed, without costs.

This appeal involves a tragic accident in which the infant plaintiff, John Young, Jr. ("John"), wandered or fell into a swimming pool and sustained serious and permanent injuries. The accident occurred on July 4, 1988, during a vacation that John, then four years of age, took with his parents, plaintiff Nicole Young ("plaintiff-mother"), and third-party defendant-appellant, Timothy Young ("appellant-father"), at the home of their friends, defendants and third-party plaintiffs-respondents, Richard and Karen Greenberg ("Greenbergs"). The complaint seeks damages in the amount of $40,000,000 on behalf of John, and $10,000,000 on the derivative claims of plaintiff-mother. The Greenbergs impleaded appellant-father, who was the sole person present at the pool when John was injured, in a third-party action for indemnification and/or contribution. At issue on appeal is whether appellant-father's motion for summary judgment dismissing the third-party complaint was properly denied. We affirm.

In moving for summary judgment, appellant-father relied upon the ruling in *Holodook v Spencer* (36 NY2d 35), which held that negligent parental supervision does not constitute a tort actionable by children or third parties. As noted by the IAS court, however, the Greenbergs have presented alternative theories of liability, to wit, accessibility to the swimming pool, voluntary assumption, and negligent entrustment. We are in agreement with the IAS court that the claims predicated upon voluntary assumption and negligent entrustment are viable, and that there exist sufficient issues of fact so as to preclude summary judgment on these grounds. The theory of liability based on voluntary assumption asserts that, through his conduct, appellant-father assumed a duty, justifiably relied upon by the Greenbergs, to supervise John in the pool. There exist triable issues of fact with respect to whether appellant-father was negligent in the performance of this duty, which is unrelated to his status as a parent *(see, Florence v Goldberg, 44 NY2d 189, 196).*

Similarly, issues of fact attend the question of whether appellant-father negligently entrusted John with a dangerous instrument, the swimming pool, and whether he was capable of controlling John's use of the pool (see, Nolechek v Gesuale, 46 NY2d 332, 341). If so, third-party parental liability may be found against appellant-father, even if the sole risk to the Greenbergs was that of exposure to tort liability (Guldy v Ford Motor Co., 99 AD2d 625).

Our sole departure with the well-reasoned opinion of the IAS court is with regard to accessibility to the swimming pool. While we agree that parental negligence which creates a risk of injury to the world at large may be actionable (see, Semmens v Hopper, 128 AD2d 767; Grivas v Grivas, 113 AD2d 264), the record before us is devoid of factual support for such a claim. Rather, appellant-father's supervision appears to have been limited to his familial relationship with his son. In the absence of any indication that other children were in the pool area, or even had access to the area, a claim based on appellant-father's having assumed a duty to the world at large may not be sustained. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.