■ ALBERT STEINBERG, Plaintiff, and DAVID STEINBERG, Respondent, v REINA ADLER, Defendant, and BROOKLYN UNION GAS COMPANY, Defendant and Third-Party Plaintiff-Appellant. ROSLYN STEINBERG, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And a Second Third-Party Action.)

[663 NYS2d 982] —In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff, Brooklyn Union Gas Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated July 23, 1996, as (1) denied its motion to compel further discovery and (2) granted the cross motion of the plaintiff David Steinberg and the third-party defendant Roslyn Steinberg for summary judgment dismissing the counterclaim and third-party complaint of Brooklyn Union Gas Company insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant third-party plaintiff Brooklyn Union Gas Company has not alleged, and the record does not reveal, the type of affirmative conduct required of a parent to exclude this case from the general rule that mere negligent supervision of a child is not actionable (see, Nolechek v Gesuale, 46 NY2d 332; Holodook v Spencer, 36 NY2d 35; 2C Warren's New York Negligence § 80.02 [3] [a]; Young v Greenberg, 181 AD2d 492; Grivas v Grivas, 113 AD2d 264; Acquaviva v Piazzola, 100 AD2d 502; Goedkoop v Ward Pavement Corp., 51 AD2d 542; Morales v Moss, 44 AD2d 687). Thus, the court properly dismissed the counterclaim asserted against the plaintiff father and the third-party complaint insofar as asserted against the mother.

In light of our determination, the appellant's contention that its motion to compel further discovery was improperly denied is academic. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.