■ CHRISTOPHER LAFIA, an Infant by his Mother and Natural Guardian, SHARON E. LAFIA, et al., Plaintiffs, v BALDWIN SUMMER PROGRAM ASSOCIATION, INC., Defendant, and KID'S PARTY SOURCE, INC., Doing Business as 100% FUN, Defendant/Third-Party Plaintiff-Appellant. ANTHONY LAFIA, Third-Party Defendant-Respondent. [908 NYS2d 609]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered March 30, 2009, as, upon reargument, in effect, vacated its prior determination in an amended order of the same court dated January 28, 2009, denying the third-party defendant's motion for summary judgment dismissing the third-party complaint, and thereupon granted the motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The third-party defendant, the father of the infant plaintiff (hereinafter the father), established his prima facie entitlement to judgment as a matter of law dismissing the third-party complaint by demonstrating that the acts complained of did not

implicate a duty he owed to the world at large. Rather, those acts only gave rise to an allegation that the father negligently supervised the infant plaintiff, which cannot serve as the basis for a cognizable claim for contribution (*see Rios v Smith*, 95 NY2d 647, 651 [2001]; *LaTorre v Genesee Mgt.*, 90 NY2d 576, 579 [1997]; *Holodook v Spencer*, 36 NY2d 35, 50-51 [1974]; *Thurel v Varghese*, 207 AD2d 220, 223 [1995]). In opposition, the defendant/third-party plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The contention of the defendant/third-party plaintiff that the father failed to provide proper medical care to the infant plaintiff after the incident is asserted for the first time on appeal and, therefore, is not properly before this Court (*see generally Betz v Daniel Conti, Inc.*, 69 AD3d 545 [2010]; *Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573 [2004]). Mastro, J.P., Dickerson, Roman and Sgroi, JJ., concur.