■ Tina Siragusa, Individually and as Mother and Natural Guardian of I.S., an Infant, Respondent, v Conair Corporation et al., Appellants. [61 NYS3d 313]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered July 24, 2014, as denied their motion for leave to amend their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2010, the plaintiff's then four-year-old daughter allegedly was injured when her hand came into contact with the blades of a hand-held stick blender that was left on the kitchen counter, plugged in but not running, while the plaintiff went to retrieve something from the freezer. The plaintiff commenced this action, inter alia, to recover damages for strict products liability and breach of warranty against the defendants, which allegedly manufactured and sold the blender. The defendants moved for leave to amend their answer to assert a counterclaim against the plaintiff for contribution and indemnification. The Supreme Court denied the motion. The defendants appeal.

In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications for leave to amend a pleading are to be freely granted "unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see* CPLR 3025 [b];

*Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch.*, 149 AD3d 997 [2017]). Here, the acts complained of in the proposed counterclaim did not implicate a duty owed to the public at large, but rather, only gave rise to an allegation that the plaintiff negligently supervised her child, which cannot serve as the basis for cognizable claims for contribution or indemnification (*see Holodook v Spencer*, 36 NY2d 35, 51 [1974]; *Lafia v Baldwin Summer Program Assn., Inc.*, 77 AD3d 711 [2010]; *Wheeler v Sears Roebuck & Co.*, 37 AD3d 710, 711 [2007]; *Zikely v Zikely*, 98 AD3d 815 [1983], *affd* 62 NY2d 907 [1984]; *cf. Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 732 [2012]). The proposed amendment was, therefore, palpably insufficient, and the Supreme Court properly denied the defendants' motion. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.