Order, Supreme Court, New York County (Robert D. Kalish, J.), entered July 7, 2016, which denied defendants’ CPLR 3025 (b) motion to amend their answers to add a counterclaim for negligence, contribution, and/or common law indemnity, unanimously affirmed, without costs.
 

 In 2010, G.A.’s (plaintiff) then 2V2 year-old son, the infant plaintiff Y.A., was allegedly injured when his hand came into contact with the blades of a hand-held stick blender manufactured by defendant Conair and sold by defendant Bed Bath & Beyond. According to plaintiff’s deposition testimony, after purchasing the blender, she opened the box and then left the blender, in its box, on the dining room table while she went to the kitchen to prepare dinner. Meanwhile, Y.A. and G.A.’s four-year-old son, I.A, played in the den, which opened into the dining room. At some point, plaintiff heard a scream and, when she came running into the den, she saw Y.A. holding up his hand, bloodied, with his fingers having been severely cut. Plaintiff saw that the blender was plugged into an outlet and I.A. was holding it, and he eventually admitted that he had taken the blender, plugged it in and pressed the button.
 

 Plaintiff commenced this action, individually and on behalf of her injured son, to recover damages for strict products liability and related claims against defendants. After plaintiff’s deposition revealed the circumstances of the accident, defendants moved for leave to amend their answers to assert a counterclaim against her for contribution and indemnification. They argued that the general rule of intrafamilial immunity (Holodook v Spencer, 36 NY2d 35 [1974]), does not apply when a parent, like plaintiff here, negligently entrusts an instrumentality, which she alleged was unreasonably defective, to a child, thereby creating a risk to third parties (see Nolechek v Gesuale, 46 NY2d 332 [1978]; see also Alessi v Alessi, 103 AD2d 1023 [4th Dept 1984]; Acquaviva v Piazzolla, 100 AD2d 502 [2d Dept 1984], lv dismissed 62 NY2d 604, 942 [1984]). Supreme Court denied the motion and we affirm.
 

 Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise resulting therefrom, unless the proposed amendment is palpably insufficient or patently devoid of merit (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). Here the proposed counterclaims, as pleaded, state nothing other than a claim that plaintiff negligently supervised her own children with respect to a “common, daily household hazard[ ]” (Zikely v Zikely, 98 AD2d 815, 816 [2d Dept 1983], affd 62 NY2d 907 [1984]), which, as the Second Department has held in very similar circumstances, does not implicate any duty owed to the public at large, and is insufficient to state a cognizable claim under Holodook (Siragusa v Conair Corp., 153 AD3d 1376 [2d Dept 2017]; see Wheeler v Sears Roebuck & Co., 37 AD3d 710, 711-712 [2d Dept 2007]).
 

 We have considered defendants’ remaining contentions and find them unavailing.
 

 Concur — Tom, J.P., Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ.