Hofstra Univ. v Nassau County, N.Y. (2018 NY Slip Op 08012)





Hofstra Univ. v Nassau County, N.Y.


2018 NY Slip Op 08012


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-02859
 (Index Nos. 3203/11, 3335/11, 3075/11)

[*1]Hofstra University, appellant, 
v
Nassau County, New York, et al., respondents. (Action No. 1)
St. Francis Hospital, etc., et al., appellants, v Nassau County, New York, et al., respondents. (Action No. 2)
Board of Education of East Meadow Union Free School District, et al., appellants, v County of Nassau, et al., respondents. (Action No. 3)


Harris Beach PLLC, Uniondale, NY (Keith M. Corbett and Kadion D. Henry of counsel), for appellants in Action Nos. 1 and 2.
Jaspan Schlesinger LLP, Garden City, NY (Laurel R. Kretzing and Scott Fisher of counsel), for appellants in Action No. 3.
Spolzino, Smith, Buss & Jacobs, LLP, Yonkers, NY (Robert A. Spolzino and Joanna Topping of counsel), for respondents.
In three related actions, inter alia, for a judgment declaring that Nassau County



DECISION & ORDER
Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an unauthorized exercise of the defendants' lawmaking authority and is unconstitutional under the New York and United States Constitutions, which were joined for trial, the plaintiffs in the three actions appeal from an amended order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 5, 2015. The amended order granted the defendants' motion for leave to amend their answer in each action to assert a counterclaim "for quantum meruit/unjust enrichment."
ORDERED that the appeal by the plaintiffs Board of Education of the East Meadow Union Free School District and Board of Education of the Westbury Union Free School District in Action No. 3 from so much of the amended order as, in effect, granted that branch of the defendants' motion which was for leave to amend their answer in that action to assert a counterclaim against the plaintiff National Center for Disability Services, Inc., is dismissed, without costs or disbursements, as those plaintiffs are not aggrieved by that portion of the amended order (see CPLR 5511); and it is further,
ORDERED that the amended order is reversed insofar as reviewed, on the law, and the defendants' motion for leave to amend their answer in each action to assert a counterclaim "for [*2]quantum meruit/unjust enrichment" is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellants in Action Nos. 1 and 2 and to the plaintiff National Center for Disability Services, Inc., in Action No. 3, appearing separately and filing separate briefs.
"A party may amend his or her pleading . . . at any time by leave of court" (CPLR 3025[b]). "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications for leave to amend a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Siragusa v Conair Corp., 153 AD3d 1376, 1376, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]; 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004). " [T]he legal sufficiency or merits of a . . . pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt'" (Lucido v Mancuso, 49 AD3d at 227, quoting Sample v Levada, 8 AD3d 465, 467-468). " Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed'" (APF Mgt Co., LLC v Munn, 151 AD3d 668, 670, quoting Pergament v Roach, 41 AD3d 569, 572; see Kimso Apts, LLC v Gandhi, 24 NY3d 403, 411).
Here, the defendants' motion for leave to amend their answer in each action to assert a counterclaim "for quantum meruit/unjust enrichment" should have been denied as palpably insufficient. The proposed counterclaim "for quantum meruit/unjust enrichment" contains no statements purporting to establish the reasonable value of the sewer services that had been provided to the plaintiffs since 1951, a necessary element to state a cause of action to recover in quantum meruit (see Home Const. Corp. v Beaury, 149 AD3d 699, 702; Johnson v Robertson, 131 AD3d 670, 672). The proposed counterclaim also fails to state the amount by which the plaintiffs allegedly were unjustly enriched, a necessary element to state a cause of a cause of action alleging unjust enrichment (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182; Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 606). Accordingly, the proposed counterclaim was palpably insufficient (see Galanova v Safir, 127 AD3d 686).
The plaintiffs' remaining contentions either are without merit or need not be addressed in light of our determination.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court