Matter of Bolofsky v City of New York (2022 NY Slip Op 03206)





Matter of Bolofsky v City of New York


2022 NY Slip Op 03206


Decided on May 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 


Index No. 100028/17 Appeal No. 15956 Case No. 2021-02201 

[*1]In the Matter of Glen Bolofsky, etc, et al., Petitioners-Appellants,
v
The City of New York et al., Respondents-Respondents.


Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered December 14, 2020, which, to the extent appealed from as limited by the briefs, denied petitioners' motion for leave to amend the petition brought pursuant to CPLR article 78 and denied their motion for a preliminary injunction, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion to deny leave to amend to add additional parties after respondents challenged the standing of petitioner Glen Bolofsky to represent his clients' at parking violation hearings (CPLR 3025[b]). Petitioners did not seek to add additional parties until three years after this proceeding was commenced, and given the delay, respondent New York City Department of Finance (DOF) was "hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014] [internal quotation marks omitted]; see also McIntosh v Ronit Realty, LLC, 181 AD3d 579, 580 [2d Dept 2020]).
Additionally, the two proposed causes of action for which leave to amend was denied were palpably insufficient (Y.A. v Conair Corp., 154 AD3d 611, 612 [1st Dept 2017]). As to the proposed eleventh cause of action, by which petitioners sought to challenge DOF's waiver of a $2 administrative fee it charged them for each transcript request and DOF's prospective rescission of the fee (see Vehicle and Traffic Law § 237[6]; 19 RCNY 39-08[g]), petitioners cannot show that they "will actually be harmed by the challenged administrative action," as the harm is entirely conjectural (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2014]).
As to the proposed thirteenth cause of action, by which petitioners sought dismissal of "stale" administrative appeals because their representatives at the parking violation hearings are no longer employed by Bolofsky and therefore cannot review hearing transcripts, petitioners fail to identify a valid legal basis for the claim, as the statutory provision governing transcript requests does not provide for dismissal (Vehicle and Traffic Law § 237[6]; compare Vehicle and Traffic Law § 237[8] [automatic dismissal required where DOF fails to respond to relevant and reasonable inquiries concerning notices of violation]). Moreover, the departure of employees while the appeals have been stayed is not attributable to any DOF action.
Finally, Supreme Court providently denied a preliminary injunction staying administrative appeals and enforcement of penalties, as petitioners did not demonstrate irreparable harm from any failure to respond to relevant and reasonable inquiries (Vehicle and Traffic Law § 237[8]; see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Gilliland v Acquafredda Enters., LLC, 92 AD3d 19, 24 [1st Dept 2011]). The harm asserted — the potential for towing or immobilization of vehicles that could cause delays in shipping goods and could result in [*2]damage to reputation and goodwill — is speculative, and at any rate, the harm is compensable should petitioners succeed on their claim (see Chiagkouris v 201 W. 16 Owners Corp., 150 AD3d 442, 442 [1st Dept 2017], lv denied 32 NY3d 911 [2018]; Family-Friendly Media, Inc. v Recorder Tel. Network, 74 AD3d 738, 739 [2d Dept 2010]).
We have considered petitioners' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022