**Floran v Walsh Group, Inc.**

2025 NY Slip Op 30840(U)

March 17, 2025

Supreme Court, New York County

Docket Number: Index No. 154090/2022

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD TSAI**                          PART            21
                                          *Justice*

--------------------------------------------------------------------X

JOHN FLORAN,                                    INDEX NO.          154090/2022

                          Plaintiff,           MOTION DATE        08/02/2024

            - v -                              MOTION SEQ. NO.      004

THE WALSH GROUP, INC., METROPOLITAN TRANSIT
AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY and      **DECISION + ORDER ON**
THE CITY OF NEW YORK,                                    **MOTION**

                          Defendants.

--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 115- 150

were read on this motion to/for _____AMEND CAPTION/PLEADINGS_____ .

     Upon the foregoing documents, it is hereby **ORDERED** that the motion by defendants (1) for leave to "amend their answer to assert an affirmative defense of fraud"; (2) to compel plaintiff to appear for "radiological independent medical examinations"; and (3) for "such other and further relief deemed just and proper by the Court" (notice of motion [NYSCEF Doc. No. 115]) is **GRANTED IN PART TO THE EXTENT** that:

(1)  within 45 days of plaintiff's deposition, defendants shall serve notice to plaintiff of the time and location of "radiological examination(s) consisting of an x-ray, MRI, and CAT scan of plaintiff's cervical spine, lumbar spine, thoracic spine, and shoulders" (defendants' exhibit L in support of motion [NYSCEF Doc. No. 130], July 29, 2024 notice to take radiological examinations);

(2) within 45 days of notice being served, plaintiff shall appear for such radiological examination(s), and

(3) within 45 days of such examination(s) having been held, defendants shall exchange the report(s) of such examination(s), and; and it is further

**ORDERED** that the remainder of defendants' motion is denied.

**154090/2022   FLORAN, JOHN vs. THE WALSH GROUP, INC. ET AL**                          **Page 1 of 4**
**Motion No.  004**

[* 1]

The branch of defendants' motion to compel radiological examinations of plaintiff, as specified in defendants' July 29, 2024 notice to take radiological examinations (defendants' exhibit L in support of motion [NYSCEF Doc. No. 130]), is granted without opposition. Defendants are entitled to such medical discovery in this case, as plaintiff has placed the condition of those body parts in issue (*see Alder v New York City Hous. Auth.*, 270 AD2d 157, 157-58 [1st Dept 2000] [holding that the defendant was entitled to "current x-rays of the infant's tibias" where plaintiff alleged that suffered the "residual effects" of a "spiral fracture of his right tibia"]; *see also Lapera v Shafron*, 159 AD2d 614, 615 [2d Dept 1990]).

The branch of defendants' motion for leave to amend the answer to assert a defense of fraud is denied.

CPLR 3025 (b) provides:

"Amendments and supplemental pleadings by leave. A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances. Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading."

"As a general rule, leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court" (*Davis v South Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015] [internal quotation marks omitted]; *see also Y.A. v Conair Corp.*, 154 AD3d 611 [1st Dept 2017] [holding that leave should be granted "absent . . . surprise resulting therefrom"]). "[P]laintiff need not establish the merit of its proposed new allegations, but simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]).

On this motion, defendants seek leave to amend their answer to add a "nineteenth affirmative defense," which states:

"Upon information and belief, plaintiff's accident did not occur in the manner alleged and some or all of the injuries claimed were not caused by this accident. Plaintiff was referred to medical providers specifically selected by his attorneys for the sole and specific purpose of claiming his injuries were causally related to this accident, even though plaintiff knew they were not. Upon information and belief, plaintiff intentionally and knowingly made false statements of material facts to others by submitting or causing to be submitted bills and supporting documentation that

**154090/2022   FLORAN, JOHN vs. THE WALSH GROUP, INC. ET AL**
**Motion No.  004**

**Page 2 of 4**

2 of 4

contained false representations of material fact concerning his treatment, which he claims is causally related to the within accident. Plaintiff has consented to undergo interventions that were either not actually performed, not medically necessary, and/or not related to injuries sustained in this alleged accident for financial gain at the expense of the defendants. Upon information and belief, plaintiff submitted or caused to be submitted a bill to workers' compensation for a right shoulder surgery and falsely claimed that this surgery was causally related to the accident alleged herein, to the extent that this this surgery was even performed at all. Upon information and belief, plaintiff submitted or caused to be submitted bills from Dr. Michael Gerling, Dr. Joseph Pyun, the Gerling Institute, All Boro Rehabilitation, Lenox Hill Radiology, and other providers to workers' compensation for alleged testing, procedures, and/or other treatment and falsely asserted they were causally related to this incident when such services were not actually performed, not medically necessary, and/or not related to injuries sustained in this alleged accident. By reason of the foregoing, defendants are entitled to costs, expenses, and legal fees in defending this action"

(defendants' exhibit S [NYSCEF Doc. No. 137], proposed second amended answer).

This court agrees with plaintiff, that although denominated as an "affirmative defense" based on "fraud", the final sentence indicates that defendants are actually seeking to amend the complaint to assert a counterclaim for "costs, expenses, and legal fees in defending this action" (*see* affirmation in opposition to motion [NYSCEF Doc. No. 140] ¶¶ 8-11).  Notably, in their reply papers, defendants do not deny plaintiff's assertions that their proposed "nineteenth affirmative defense" based on "fraud" is in fact a counterclaim.

"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the [the victim] and damages" (*Eurycleia Partners, LP v Seward & Kissel*, LLP, 12 NY3d 553, 559 [2009]).  Pursuant to CPLR 3016 (b), where a cause of action or defense is based upon fraud, "the circumstances constituting the wrong shall be stated in detail" (*see also Pludeman v N. Leasing Sys., Inc.*, 10 NY3d 486, 491-92 [2008] ["Although under section 3016(b) the complaint must sufficiently detail the allegedly fraudulent conduct, that requirement should not be confused with unassailable proof of fraud. Necessarily, then, section 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct"]).

Here, however, defendants fail to allege the element of justifiable reliance with sufficient particularity.  The Appellate Division, First Department's recent decision in *Breton v Dishi* (234 AD3d 432 [1st Dept 2025]) is instructive.

In *Breton*, the plaintiff sought damages for personal injuries.  The defendant moved for leave to amend to add a counterclaim for fraud, claiming that the plaintiff'

**154090/2022   FLORAN, JOHN vs. THE WALSH GROUP, INC. ET AL**
**Motion No.  004**

Page 3 of 4

3 of 4

knowingly brought a false claim of negligence against the defendant. The Appellate Division ruled that Supreme Court should have denied the motion to amend, because "the counterclaim fails to plead the essential element of justifiable reliance with sufficient particularity. In any event, the record makes clear that defendant has not, in fact, relied on plaintiff's alleged misrepresentations, but instead has denied them in his answer and throughout the litigation" (*id.* at 432). As *Breton* makes clear, a counterclaim for fraud cannot be based on the theory that the plaintiff's lawsuit itself is fraudulent.

Like the defendant in *Breton*, the defendants in this case are disputing that the accident occurred, and disputing that plaintiff's injuries were not caused by the accident. Thus, as in *Breton*, the element of justifiable reliance is equally lacking here.

As *Breton* explained, "[t]o the extent defendant is claiming that he has been damaged by having incurred litigation costs as a result of plaintiff's pursuing a fraudulent or frivolous claim, his remedy would be to seek sanctions under CPLR 8303–a; however, that provision does not support an independent cause of action" (*id.*).

To be clear, this court does not rule that defendants are barred from asserting that plaintiff's underlying allegations were fabricated.[1] The court here only rules that for the reasons stated above, defendants cannot, as a matter of law, assert a defense or counterclaim for fraud based on the theory that the allegations of the complaint about the accident and plaintiff's injuries are themselves fraudulent, or were undertaken to perpetrate insurance fraud.

This constitutes the decision and order of the court.

20250317171242RTSAI7A8E0508B89D476F80ECDFCF87297E25

**3/17/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] A defendant, of course, is always permitted to argue that the plaintiff's underlying allegations are untruthful—as long as doing so is not frivolous—and there is no requirement for a defendant to assert such as an affirmative defense. The defendant need only deny the allegations in the answer.

**154090/2022   FLORAN, JOHN vs. THE WALSH GROUP, INC. ET AL**        **Page 4 of 4**
**Motion No.  004**

4 of 4