## Bueno v 520 Fee Owner 2 LLC

2025 NY Slip Op 31863(U)

May 28, 2025

Supreme Court, New York County

Docket Number: Index No. 153463/2023

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. LISA S. HEADLEY                     PART

                                          *Justice*

------------------------------------------------------------------X

MIRIAM ROSA BUSTAMANTE BUENO,

                          Plaintiff,

                    - v -

520 FEE OWNER 2 LLC, 520 OWNER 2 LLC, SUFFOLK
CONSTRUCTION COMPANY, INC.

                          Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153463/2023 |
| MOTION DATE | 11/07/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 44, 45, 46, 47, 48

were read on this motion to/for        AMEND CAPTION/PLEADINGS                .

In this labor law action, the plaintiff, Miriam Rosa Bustamante Bueno ("plaintiff"), alleges that she was injured as a result of an accident that occurred on April 7, 2023, while she was working at 520 5th Avenue, New York, New York ("subject premises") when she was struck by unsecured falling object(s), and she fell from a height/ladder. The plaintiff alleges that she was injured as a result of the height/elevation/gravity related risks and due to the defendants' failure to provide adequate and proper overhead protection against the hazards of falling object(s). Plaintiff claims, *inter alia,* that defendant, Suffolk Construction Company, Inc, was the contractor who controlled all of the work, labor and/or services performed at the subject premises, and hired her to provide certain construction work, labor and/or services. (*NYSCEF Doc. Nos. 1 and 30*).

On April 17, 2023, plaintiff filed the Complaint and asserts that the Defendants, 520 Fee Owner 2 LLC, 520 Owner 2 LLC and Suffolk Construction Company, Inc. ("collectively, defendants"), violated *Labor Law §§ 200, 240(1)* and *241(6)* and various Industrial Codes of the State of New York. *Id.* On June 23, 2023, defendants filed their Answer with Affirmative Defenses. (*See, NYSCEF Doc No. 31*).

Before the Court is the motion filed by defendants seeking an Order for leave to amend their Answer, pursuant to *CPLR §3025(b),* to add a counterclaim against the plaintiff for tortious

fraud and for fraud upon the Court. (*See, NYSCEF Doc. No. 29*). Plaintiff filed opposition to the motion. (*See, NYSCEF Doc. No. 45*). Defendants filed a reply. (*See, NYSCEF Doc. No. 46*).

In support of the motion, the defendants submit, *inter alia*, the Complaint and the Answer (*NYSCEF Doc. Nos. 30 and 31*); the plaintiff's Bill of Particulars and Supplemental Bill of Particulars (*NYSCEF Doc. Nos. 32 and 33*); the plaintiff's Worker's Compensation Employee Claim (*NYSCEF Doc. No. 34*); plaintiff's initial evaluation at DHD Medical P.C. dated May 2, 2023 (*NYSCEF Doc. No. 35*); the accident report filed with Trident General Contracting LLC (*NYSCEF Doc. No. 36*); the Ambulance call report/Prehospital Care Report Summary dated April 7, 2023 (*NYSCEF Doc. No. 37*); and plaintiff's hospital records dated April 7, 2023 from Bellevue Hospital (*NYSCEF Doc. No. 38*).

In the motion, the defendants seek an Order amending their Answer to add a counterclaim against plaintiff for "tortious fraud and for fraud upon the Court." Defendants claim that the plaintiff submitted conflicting medical records. The defendants argue that the plaintiff's records, including the Prehospital Care Report and the emergency room records demonstrate that plaintiff sought treatment because she lost her balance and slipped off a ladder, injuring both of her lower legs, however, the plaintiff did not complain of pain "to any other body part." Defendants argue that plaintiff "concocted new injuries after the fact to increase the value of her lawsuit." Plaintiff had undergone two surgeries to body parts she "expressly told the EMTs and emergency room staff were uninjured in the accident."

Defendants contend that the plaintiff's records from Bellevue where she was admitted on April 7, 2023, indicate that her chief complaint was because she fell off a 6-foot ladder, she had bilateral lower leg pain. (*NYSCEF Doc. No. 38*). The report indicated that plaintiff was carrying something at a construction site, and lost balance, slipped, hit her legs on the bottom rung, and there was no other pain or injuries. *Id.* Plaintiff only complained of pain to her legs, and the only diagnostic tests ordered were X-rays to her legs. The plaintiff was discharged later that same day, and plaintiff was advised that she could return to work on April 10, 2023.

In contradiction, on May 2, 2023, during a visit at DHD medical center, the plaintiff claimed that the accident occurred as a result of her walking down steps to get a garbage bag, and she slipped on the wet floor down about 6 to 7 steps. (*See, NYSCEF Doc. No. 35*). Defendants argue that based on the ambulance call report (see, NYSCEF Doc. No. 37), plaintiff does not mention any wetness when describing the accident, and plaintiff expressly denied injury to her

**153463/2023 BUSTAMANTE BUENO, MIRIAM ROSA vs. 520 FEE OWNER 2 LLC ET AL**
Motion No. 001

Page 2 of 4

[* 2]

head, neck and back trauma. Plaintiff filed a workers' compensation claim, and alleged that she fell from a height and injured her head, neck, back, left shoulder, left elbow, left wrist, left hip, both knees and both ankles. Plaintiff also alleged she lost consciousness. (*See, NYSCEF Doc. No. 34*).

The defendants assert that the inconsistencies in the plaintiff's records demonstrate that plaintiff is misrepresenting to the defendants and the Court what was injured in the accident. The EMT and Bellevue records do not show injures to the plaintiff's head or that she lost consciousness during the accident. Defendants argue that the plaintiff is still out of work, and has undergone surgeries to different body parts, including her neck and shoulder, which she did not complain about at the time of the accident. Therefore, defendants seek leave to amend their Answer to allege fraud.

In opposition, the plaintiff argues, *inter alia*, the motion must be denied because the defendants' proposed counterclaim of fraud fails to allege the necessary elements of fraud with particularity pursuant to *CPLR §3016*. Plaintiff claims defendants failed to show that they relied on the alleged "misrepresentations and was induced into doing anything." Plaintiff also asserts that the defendants are not claiming that the accident did not take place. Furthermore, plaintiff argues that the proposed amendment to assert the fraud counterclaim is based on "purported inconsistent hearsay 'statements' contained in various unauthenticated documents, including but not limited to, the ambulance report; uncertified emergency room records and medical records." In addition, the plaintiff asserts that the records are materially consistent in that they show that plaintiff stated she slipped and fell.

In reply, defendants argue, *inter alia*, that the defendants seek leave to amend the pleadings, and do not need to prove their case at this juncture.

Discussion

"Leave to amend pleadings under *CPLR §3025(b)* should be freely given and denied only if there is prejudice or surprise resulting directly from the delay or **if the proposed amendment is palpably improper or insufficient as a matter of law.**" *CPLR §3025(b)*; *McGhee v. Odell*, 96 A.D.3d 449, 450 (1st Dep't 2012). (*Emphasis added*). "The elements of a claim for fraud are: (1) misrepresentation or a material omission of fact which was false and known to be false by the defendant; (2) that the misrepresentation was made for the purpose of inducing the other party to rely upon it; (3) justifiable reliance of the other party on the misrepresentation or material

omission; and (4) injury." *Peach Parking Corp. v. 346 W. 40th St., LLC*, 42 A.D.3d 82, 86 (1st Dep't 2007) [internal citations omitted].

Defendants' motion to add a counterclaim against the plaintiff for tortious fraud and for fraud upon the Court is denied. Here, the proposed amendment of fraud counterclaim is palpably improper or insufficient as a matter of law. The defendants' proposed counterclaim fails to plead the essential element for fraud, such as the justifiable reliance with sufficient particularity. There is no indication that the defendants have in fact relied on plaintiff's alleged misrepresentations, but instead defendants have denied them in their Answer. *See, Breton v. Dishi*, 234 A.D.3d 432, 432-33 (1st Dep't 2025); *see also, Reyes v J.T. Magen & Co. Inc, 2025 WL 1158473* (N.Y. Sup Ct, New York County 2025); *Floran v. The Walsh Group, Inc.,* 2025 N.Y. Slip Op. 30840[U], 3 (N.Y. Sup Ct, New York County 2025);

Nonetheless, the defendants are not barred from asserting that the plaintiff's underlying allegations were fabricated. "To the extent defendant[s] [are] claiming that [they have] been damaged by having incurred litigation costs as a result of plaintiff's pursuing a fraudulent or frivolous claim, [their] remedy would be to seek sanctions under *CPLR § 8303-a*; however, that provision does not support an independent cause of action." *Breton v. Dishi, supra at 433* [internal citations omitted].

Accordingly, it is hereby

**ORDERED** that defendants, 520 Fee Owner 2 LLC, 520 Owner 2 LLC and Suffolk Construction Company, Inc.'s motion for leave to amend their Answer is DENIED; and it is further

**ORDERED** that any relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, movant-defendants shall serve a copy of this decision/order upon the plaintiff with notice of entry.

This constitutes the Decision and Order of the Court.

| 5/28/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | LISA S. HEADLEY, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

153463/2023   BUSTAMANTE BUENO, MIRIAM ROSA vs. 520 FEE OWNER 2 LLC ET AL                Page 4 of 4
Motion No.  001