DeCaro v Somerset Indus., Inc.

2026 NY Slip Op 03345

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph DeCaro, as Guardian Ad Litem of P.C., an Infant, Appellant,

v

Somerset Industries, Inc., Defendant and Third- Party Plaintiff- Respondent, et al., Defendant; Ana, Also Known as Claudia Calabria, Third-Party Defendant- Appellant.

Decided and Entered:May 28, 2026

CV-25-0064

Calendar Date: February 17, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mackey, JJ.

Basch Keegan & Spada, LLP, Kingston (Derek J. Spada of counsel), for appellant.

Rhoades Cunningham & McFadden, PLLC, Latham (John R. McFadden of counsel), for third-party defendant-appellant.

Costello, Cooney & Fearon, PLLC, Syracuse (Michael J. Curtis of Kahana Feld LLP, New York City, of counsel), for defendant and third-party plaintiff-respondent.

[*1]

Aarons, J.P.

Appeal from an order of the Supreme Court (Kimberly O'Connor, J.), entered December 2, 2024 in Albany County, which, among other things, granted a motion by defendant Somerset Industries, Inc. for summary judgment on its third-party complaint.

P.C., a 23-month-old child (hereinafter the infant) was seriously injured when her hand became stuck in a fondant sheeter manufactured by defendant Somerset Industries, Inc. and operated on the premises of defendant CafÉ Crisan, Inc. (hereinafter the bakery).FN1 Plaintiff, as the infant's appointed guardian ad litem, commenced a personal injury action against Somerset and the bakery alleging negligence, strict products liability and breach of warranty. Following joinder of issue, Somerset commenced a third-party action against third-party defendant (hereinafter Calabria), the infant's mother and a bakery employee, for common-law indemnity and/or contribution on a theory of negligent entrustment. Issue was joined in the third-party action, and discovery ensued. Somerset moved for summary judgment dismissing the complaint as against it or, alternatively, for summary judgment in the third-party action. Calabria opposed that motion and cross-moved to dismiss the third-party complaint. Supreme Court granted Somerset's motion to dismiss the complaint against it in the main action, rendering the part of its motion respecting the third-party action, along with Calabria's cross-motion, academic. On appeal, this Court reinstated the complaint against Somerset, finding issues of fact as to whether the sheeter was defective or contained adequate warnings (228 AD3d 1107, 1109-1111 [3d Dept 2024]).

Upon remittal, the parties stipulated to Supreme Court issuing a decision in the no-longer-academic summary judgment cross-motions in the third-party action. The court denied Calabria's cross-motion and granted Somerset's motion, concluding that Somerset established as a matter of law that the sheeter was a dangerous instrument in the hands of the infant who had seen how to use it, and that Calabria foreseeably exposed Somerset to the risk of financial harm from tort liability when she negligently left the infant alone with the sheeter, thereby permitting the infant to improvidently use the sheeter resulting in injury. Calabria and plaintiff each appeal.FN2

On a motion for summary judgment, the movant bears the "initial burden to establish prima facie entitlement to judgment as a matter of law by submitting proof in admissible form demonstrating the absence of any material issues of fact," and "[o]nly upon such a showing will the burden shift to the opposing party to demonstrate the existence of a material issue of fact" (Nusbaum v 1455 Wash. Ave., LLC, 240 AD3d 1113, 1114 [3d Dept 2025] [internal quotation marks and citations omitted]; see Carlson v Colangelo, 44 NY3d 116, 124 [2025]). On such a motion, we "must view the facts in the light most favorable to the non-moving party" and "may not make credibility determinations or findings [*2]of fact" (Flanders v Goodfellow, 44 NY3d 57, 62-63 [2025] [internal quotation marks and citations omitted]; see Cole v Triple M Excavating & Trucking LLC, 237 AD3d 1304, 1305 [3d Dept 2025]).

Generally, a parent may not be held liable in contribution or indemnification "predicated on the parent's negligent failure to supervise that child" (Rios v Smith, 95 NY2d 647, 651 [2001]; see Horan v Brown, 43 AD3d 608, 609 [3d Dept 2007]). One exception to the general rule is where a parent entrusts a child with a dangerous instrument (see LaTorre v Genesee Mgt., 90 NY2d 576, 582 [1997]; Damphier v Brasmeister, 185 AD3d 1249, 1249 [3d Dept 2020]). "Regarding a claim of negligent entrustment, a parent owes a duty to third parties to shield them from an infant child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use" (Damphier v Brasmeister, 185 AD3d at 1249 [internal quotation marks and citations omitted]; see Holodook v Spencer, 36 NY2d 35, 45 [1974]).

Four of Calabria's arguments require only brief discussion. First, we reject Calabria's contention that negligent entrustment does not lie because the infant's use of the sheeter posed no physical danger to a third party. It is well established that the risk of harm to a third party from a parent's negligent entrustment of a dangerous instrument to a child may manifest as "personal injury, property damage," or, as relevant here, "exposure to tort liability" (Nolechek v Gesuale, 46 NY2d 332, 340 [1978]; see Young v Greenberg, 181 AD2d 492, 493 [1st Dept 1992]; Alessi v Alessi, 103 AD2d 1023, 1024 [4th Dept 1984]).

Second, the issues of fact remaining in the main action as to Somerset's liability to plaintiff do not foreclose finding in the third-party action that the sheeter was a dangerous instrument as a matter of law. Somerset does not need to prove the sheeter was not defective and included adequate warnings to establish the sheeter's dangerousness. Instead, whether an instrument is "dangerous depends upon the nature and complexity of the allegedly dangerous instrument, the age, intelligence and experience of the child, and his or her proficiency with the instrument" (Pineiro v Rush, 163 AD3d 1097, 1099 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see Rios v Smith, 95 NY2d at 653). We agree with Supreme Court's determination that the record forecloses all issues of fact in this regard, and therefore that determination will not be disturbed.

Third, and in a similar vein as our second point, the issues of fact in the main action did not prevent Somerset from demonstrating, as a matter of law, that Calabria's alleged negligence was a proximate cause of the infant's injury (see Nolechek v Gesuale, 46 NY2d at 340). There is no dispute that Calabria left the infant near the sheeter after letting her observe how the sheeter worked, and that the infant was injured when she used the sheeter while [*3]Calabria was not watching her. Whether Somerset's alleged negligence is also a proximate cause of the child's injury is a separate issue (see Hain v Jamison, 28 NY3d 524, 529 [2016]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315-316 [1980]).

Fourth, the issues of fact we found to exist respecting foreseeability in our prior decision do not, by themselves, foreclose Supreme Court's finding that the injury in the third-party action was foreseeable as a matter of law. In the main action we were concerned with whether Somerset could reasonably foresee that a two-year-old infant would use the sheeter resulting in harm (228 AD3d at 1111), whereas here we are concerned with whether, as to Calabria, the harm was reasonably foreseeable (see Wilson v Sears, Roebuck & Co., 126 AD2d 954, 955 [4th Dept 1987]).

Foreseeability, however, can "only be determined as a matter of law where a single inference can be drawn from the undisputed facts" (Demarest v Village of Greenwich, 224 AD3d 1196, 1198 [3d Dept 2024] [internal quotation marks and citations omitted]; see Cavosie v Hussain, 215 AD3d 1080, 1085 [3d Dept 2023]). Somerset's motion proof does not meet that high standard. True, Calabria testified that the infant liked playing with and eating the fondant; that the infant learned how the sheeter worked by watching her and possibly watching bakery videos on the Internet; and that children learn by watching. Calabria also admitted that she made sure to deactivate the sheeter before she stepped away, suggesting an accident was foreseeable. Yet, there is no evidence that the infant had ever activated the sheeter in the past, and Calabria left the infant in the company of another employee who was nearby without requesting the employee to watch the infant. In our view, this is not enough to demonstrate the absence of triable issues of fact that the harm was "clearly foreseeable" (LaTorre v Genesee Mgt., 90 NY2d at 582).

For similar reasons, we agree with Calabria that Somerset's proof does not demonstrate, as a matter of law, that Calabria "entrusted" the sheeter to the infant. Although the record establishes that Calabria was capable of controlling the infant's use of the sheeter, other questions of fact remain (see Nolechek v Gesuale, 46 NY2d at 340; compare Young v Greenberg, 181 AD2d at 493). In addition to the points made above respecting foreseeability, there is no inescapable inference of entrustment that flows from proof that Calabria pulled the infant closer to the sheeter so that the infant could watch and help her make the fondant using the sheeter just before she left the infant alone with it (compare Acquaviva v Piazzolla, 100 AD2d 502, 503-504 [2d Dept 1984], lvs dismissed 62 NY2d 604 [1984], 62 NY2d 942 [1984]).FN3 In sum, Somerset's proof does not foreclose a reasonable inference that Somerset's third-party action actually sounds in negligent supervision, which is not a cognizable claim (see Walden v Rensselaer Polytechnic Inst., 116 AD2d 963, 965[*4][3d Dept 1986]).

Nevertheless, we also disagree with Calabria's assertion that Somerset's negligent entrustment claim was nothing more than a negligent supervision claim in disguise, and that Supreme Court erred in denying her cross-motion for summary judgment for this reason. Without repeating the points above, we further note that video surveillance depicted the infant mimicking Calabria's demonstration of how to pass fondant through the sheeter. Calabria also testified that the infant might have understood the sheeter could be activated by pressing the green button, like a "huge toy." In light of that testimony, Calabria did not establish entitlement to dismissal of the third-party complaint as a matter of law for lack of evidence supporting negligent entrustment, or because the harm arising from that alleged negligent entrustment was not foreseeable (see Nusbaum v 1455 Wash. Ave., LLC, 240 AD3d at 1114; Acquaviva v Piazzolla, 100 AD2d at 503-504). Calabria's remaining contentions, to the extent not specifically addressed, have been reviewed and are without merit.

Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.

ORDERED that plaintiff's appeal is dismissed, without costs.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of the motion by defendant Somerset Industries, Inc. for summary judgment on the elements of foreseeability and entrustment; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1

More detailed facts are recounted in our decision in a prior appeal in this case (228 AD3d 1107, 1107-1108 [3d Dept 2024]).

Footnote 2

In our view, plaintiff's interest in the outcome of Somerset's third-party action against Calabria does not render him aggrieved by the appealed-from order within the meaning of CPLR 5511, and thus his appeal must be dismissed (see CPLR 5511; Vanderlyn v Daly, 97 AD3d 1053, 1055 n 3 [3d Dept 2012]; Smith v Town of Colonie, 60 AD3d 1121, 1122 [3d Dept 2009]).

Footnote 3

In Acquaviva v Piazzolla (100 AD2d at 502-203), a three-year-old child disengaged the emergency brake in the family car, which then rolled over his one-year-old brother. The evidence showed that the children frequently played without supervision inside the family car — described as a 3,000-pound "rolling playpen" — and that the parents left the car doors unlocked and the windows open despite knowledge of the children's use of the car (id. at 503 [internal quotation marks omitted]). On these facts, the Second Department determined that the parents were appropriately found liable in negligent entrustment because the parents permitted the three-year-old child to use the family car (seeid. at 504).